SUMMONS ISSUED

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------x
GINA TITO,
on behalf of herself and
all others similarly situated,

                                    CV 12-3464

                    Plaintiff

v.                                                    **JURY DEMANDED**

RUBIN & ROTHMAN, LLC and
KEITH ROTHMAN, ESQ.

                    Defendants.
-----------------------------------------------------x

Plaintiff Gina Tito on behalf of herself and all others similarly situated, for her complaint,

alleges, upon personal knowledge as to herself and information and belief as to other matters, as

follows:

## INTRODUCTION

1.      This class action seeks to vindicate the rights of the many New York consumers who

have been or are being sued in consumer collection actions in which Defendants Rubin &

Rothman, LLC and Keith Rothman, Esq. (collectively "R&R"), representing TD Auto Finance

LLC, caused to be filed Complaints which contain false and deceptive statements in violation of

the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and

New York Judiciary Law § 487.

## JURISDICTION AND VENUE

2.      The Court's jurisdiction is conferred by 15 U.S.C. § l692k and 28 U.S.C. §1337.

3.      Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

1

4.      Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5.      Venue in this District is proper because the acts and transactions that give rise to this

action occurred, in substantial part, in this district and Plaintiff resides in this District.

## PARTIES

6.      Plaintiff Gina Tito ("Ms. Tito") is a natural person who has resided at all relevant times

in Queens, New York.

7.       Ms. Tito is a consumer as defined in the FDCPA § 1692a(3).

8.      Defendant Rubin & Rothman, LLC is a law firm engaged in the collection of debts in this

state with its principal place of business located at 1787 Veterans Highway, Islandia, NY 11749.

9.      R&R's principal purpose is the collection of debts; and it regularly attempts to collect

debts in this state alleged to be due another.

10.     According to its website, R&R "concentrates its practice in the area of consumer

collection work and is widely recognized for its expertise in this field. Since 1960, Rubin &

Rothman, LLC and its predecessor firm have handled nearly one million collection cases. Its

attorneys collectively have over 100 years of experience in collecting debts of all kinds."

http://www.rubinrothman.com/aboutus.html

11.     A search of the E-Courts database confirms that R&R is a high volume collection firm –

a search of the New York civil courts database indicates that R&R filed over 32,000 collection

actions in New York, in 2011 alone.

12.     In sum, R&R is indisputably a debt collector as defined by FDCPA § 1692a(6).

13.     Keith Rothman, Esq has at all relevant times been a principal and owner of Rubin &

Rothman, LLC.

14.     Upon information and belief, Mr. Rothman has final, supervisory authority over all form documents (including form complaints) used by R&R.

15.     Mr. Rothman's principal business endeavor is the collection of debts; and he regularly attempts to collect debts in this state alleged to be due another.

16.     Mr. Rothman is a debt collector under FDCPA § 1692a(6).

**FACTS**

17.     On or about February 12, 2008, Ms. Tito co-signed a Retail Installment Contract relating to purchase of a 2007 Jeep Compass. The Seller/Creditor was Bayside Chrysler Jeep, Inc. (herafter "the auto dealer" or "the dealership"). Ms. Tito co-signed for her daughter, Ashley Tito.

18.     Sometime later, Ashley Tito determined that she was unable to continue making payments, and returned the vehicle.

19.     On or about January 3, 2012, R&R, filed a lawsuit against Ms. Tito and Ashley Tito in New York City Civil Court, Queens County titled "TD Auto Finance LLC f/k/a Chrysler Financial Services Americas LLC v. Gina Tito and Ashley M. Tito," and bearing the Index Number CV 000255-12/QU (hereinafter the "State Action"), claiming breach of contract and seeking $3231.19 plus costs and statutory interest.

20.     On or about January 12, 2012, an Affidavit of Service was filed in the State action alleging that service of process had been made on Gina Tito. The Affidavit of Service sworn to on January 12, 2012 and submitted by Plaintiff to the Court, states that service was made by leaving a copy of the Summons and Complaint with "Santos Doe, co-occupant of Gina Tito" at "1806 120th Street, 1st Floor, College Point, NY 11356" on January 11, 2012 at 9:15 a.m. The Affidavit of Service is false.

3

21.     Because Ms. Tito has never resided at 1806 120th Street, 1st Floor, College Point, NY 11356 and does not have a co-occupant named Santos Doe, or any co-occupant there at all, she never received notice of the lawsuit filed by R&R.

22.     In fact, Ms. Tito, never learned of the lawsuit until after R&R had obtained a default judgment against her for $3524.74 on March 29, 2012.

23.     Ms. Tito learned of the judgment against because her bank account was restrained on or about April 23, 2012, and upon investigation, she came to learn of the State action and the default judgment against her therein.

24.     Through counsel, Ms. Tito filed an Order to Show Cause to Vacate the Default Judgment in Queens County Civil Court in May, 2012.

25.     The State Action was dismissed with prejudice by so ordered stipulation on June 6, 2012.

26.     The Complaint in the State action states that "Plaintiff is not required to be licensed by the NYC Dept of Consumer Affairs because it is a passive debt buyer or the original creditor." This is a false statement.

27.     Because the underlying account in the State action, relates to a Retail Installment Contract between Bayside Chrysler Jeep, Inc. and Ms. Tito, Plaintiff is not the original creditor.

28.     Nor is Plaintiff a "passive debt buyer".

29.     Moreover, the State Action Complaint falsely states that assignee entities known as "passive debt buyers" do not need to be licensed as debt collectors with the NYC Department of Consumer Affairs. This statement is also false.

30.     Specifically, "passive debt-buyer" was, for a time, a term used by the New York City Department of Consumer Affairs, and for a short time, passive debt-buyers were – according to an opinion letter issued by the NYDCA's general counsel -- not required to be licensed as Debt

Collectors by the NYC Department of Consumer Affairs. However, the New York City Council subsequently passed legislation eliminating this agency-created exemption, effective September 15, 2009. Since that time, debt collectors (passive and active) are all required to be licensed under NYC Administrative Code § 20-490.

31. The State Action Complaint is a boilerplate document ("Complaint") prepared, approved, signed, submitted to the Courts and sent out for service by R&R.

32. The same boilerplate Complaint was used in dozens, if not hundreds, of cases that R&R has filed against consumers on behalf of TD Auto Finance LLC.

33. An examination of the New York Court's online database, found at www.nycourts.gov,, shows 61 cases filed by R&R on behalf of TD Auto Finance LLC in New York Civil/City Courts. Because there are numerous courts around the state (including many on Long Island and in Westchester) which are not yet tracked by www.nycourts.gov., the precise numbers of such cases is unknown but significantly higher than 61.

34. Upon information and belief, the auto finance loans underlying the lawsuits brought by R&R, have been pooled into securitized trusts and, pursuant to the relevant trust agreements, pass through a complex web of entities, making the chain of title and TD Auto Finance LLC's standing very real concerns.

35. Under these pooling and servicing agreements, TD Auto Finance transfers its ownership interest in the retail installment contracts purportedly assigned to it by auto dealers into a trust, and the trust then hires TD Auto Finance to service the loan.

36. By falsely identifying TD Auto Finance as the "original creditor" or as a "passive debt buyer" R&R hides the complex structure of these transactions and thus avoids Courts and consumers from inquiring into a range of issues (assignment, standing, correct identification of

the actual creditor vs. the servicer, etc.) that, in litigation involving residential foreclosures, has
proved famously vexing for the banking industry.

37.     The complaint in the State action was signed by R&R staff attorney, David Kowalenko.

38.     It is apparent based on the facts above, that Mr. Kowalenko did not meaningfully review
Ms. Tito's account file, the Retail Installment Contract or any of the other underlying paperwork
regarding the contract between Ms. Tito and the auto dealer (Bayside Chrysler Jeep, Inc.), before
signing the Complaint alleging breach of contract and causing it to be filed with the Civil Court
of the City of New York, in Queens County.

39.     Indeed, R&R's form complaint does not acknowledge that the retail installment contracts
entered into by the defendants are, in reality, entered into between the consumer and an auto
dealership, falsely suggesting instead that TD Auto Finance LLC may be the original creditor.

40.     Upon information and belief, R&R's failure to review the pleadings before filing them,
far from an anomaly, is part of the business plan developed by Defendants, who have found that
meaningful pre-filing review is not as profitable as filing of pleadings without review, because
the overwhelming majority of consumer collection actions are won on default or against
unsophisticated *pro se* litigants who are, as a practical matter, incapable of meaningfully
challenging deceptive, boilerplate consumer collection pleadings.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff brings this action on behalf of herself and all other similarly situated people.
Plaintiff seeks to represent a Class defined as follows:

> All persons who have been sued in a consumer collection action
> commenced in New York State within one year of the filing of the
> instant class action lawsuit in which R&R represented TD Auto
> Finance LLC, and filed a complaint containing the false statement
> that "Plaintiff is not required to be licensed by the NYC Dept of

6

> Consumer Affairs because it is a passive debt buyer or the original creditor."

42.     Excluded from the Class are anyone employed by counsel for Plaintiff in this action; and any Judge to whom this case is assigned.

43.     This action has been brought and may properly be maintained on behalf of the Class proposed above under the criteria of Federal Rule of Civil Procedure Rule 23.

44.     <u>Numerosity</u>. Members of the Class are so numerous that their individual joinder herein is impracticable. Upon information and belief, R&R filed dozens, if not hundreds, of the form Complaints described here, in cases against consumers on behalf of TD Auto Finance LLC. Although the exact number of Class members and their addresses are unknown to Plaintiffs, they are readily ascertainable from Defendants' records and the class clearly exceeds 40 people.

45.     <u>Existence and predominance of common questions</u>. Common questions of law and fact exist as to Plaintiff and all members of the Class and predominate over questions affecting only individual Class members. These common questions include:

(a)     Whether Defendants, by act or omission, falsely represented to the class and New York courts that their client was an original creditor and/or passive debt buyer.

(b)     Whether Defendants' falsely represented that passive debt buyers collecting in New York City are not required to be licensed;

(c)     Whether Defendants falsely represented that the State Court Complaints filed on behalf of TD Auto Finance were meaningfully reviewed by an attorney;

(d)     Whether Defendants are engaged in unfair and/or deceptive debt collection practices in violation of 15 USC 1692 et seq.

(e)      Whether Plaintiffs and the other Class members are entitled to statutory damages, costs and attorneys fees under the FDCPA.

7

46.    Typicality. Ms. Tito's claims are typical of the claims of the Class because, among other things, Ms. Tito was sued in a consumer collection action in New York State in which (1) R&R represented TD Auto Finance LLC; (2) the complaint filed against Ms. Tito in the State Action contained the false statement that "Plaintiff is not required to be licensed by the NYC Dept of Consumer Affairs because it is a passive debt buyer or the original creditor."

47.    Adequacy. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the members of the Class she seeks to represent. Plaintiff has retained counsel competent and experienced in class action/FDCPA litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

48.    Superiority. The class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small, given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the members of the Class effectively to individually redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

49.    In the alternative, the Class may be certified because:

(a)     the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

(b)     the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c)     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

**FIRST CAUSE OF ACTION**

**The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*  ("FDCPA")**

50.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

51.     Congress enacted the Fair Debt Collection Practices Act to stop "the use of abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a).

52.     A debt collector may not "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

53.     Such a prohibition includes the false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

54.     Such a prohibition also includes the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. §1692e(10).

55.     A debt collector may not "use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

9

56.    By undertaking the above referenced collection activities Defendants repeatedly violated

15 U.S.C. § 1692 *et seq.*

57.    Specifically and without limitation, Defendants violated the FDCPA by:

a.    Filing a deceptive Complaint which falsely states that "[TD Auto Finance LLC] is

not required to be licensed by the NYC Dept of Consumer Affairs because it is a passive

debt buyer or the original creditor" in violation of §§ 1692e, 1692e(2)(A), 1692e(3),

1692e(10), and 1692f.

b.    Filing a Complaint that was deceptive and misleading in that they were signed by

an attorney but were not in fact meaningfully reviewed by an attorney, in violation of

§§1692e, 1692e(3), 1692e(5), 1692e(10), and 1692f;

58.    As a direct and proximate result of Defendants' violations of the FDCPA, Plaintiff has

sustained statutory and actual damages, costs and attorneys' fees.

## SECOND CAUSE OF ACTION
## JUDICIARY LAW § 487

59.    Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

60.    R&R was guilty of deceit in the State Action of the named plaintiff and the State Actions

of all others similarly situated

61.    Upon information and believe, R&R perpetrated this deceit with intent to deceive the

state court, Plaintiff, and all others similarly situated.

62.    Specifically, upon information and belief, and as reviewed above, R&R knowingly and

falsely represented that "[TD Auto Finance LLC] is not required to be licensed by the NYC Dept

of Consumer Affairs because it is a passive debt buyer or the original creditor;"

63.     R&R also, upon information and belief, knowingly and falsely filed a Complaint that was deceptive and misleading in that it was signed by an attorney but was not in fact meaningfully reviewed by an attorney.

64.     As set forth above, these false representations were made in sworn pleadings.

65.     These false representations were not only made in sworn pleadings, but are routine and recurring part of R&R's practice before the Courts, that is designed and has the effect of increasing R&R's profits by increasing the number of consumer accounts handled, lowering the cost of handling each account, and hiding from the Court and consumers the existence of potentially significant defenses.

66.     As a result of these false representations, Plaintiff and all others similarly situation have suffered actual damages.

67.     As a result of R&R's violations of Judiciary Law § 487, Plaintiff and all others similarly situated are entitled to treble his damages, attorney's fees and costs.

*[rest of page intentionally left blank]*

11

**WHEREFORE** plaintiff and members of the class respectfully request that this Court award:

A.  An order certifying this case as a class action under Fed. R. Civ. P. 23;

B.  A judgment declaring that Defendants have committed the violations of law alleged in this action;

C.  An order directing Defendants to cease engaging in debt collection practices that violate the FDCPA and Judiciary Law § 487;

D.  Statutory and actual damages pursuant to the FDCPA;

E.  Actual damages, treble actual damages, attorney's fees and costs pursuant to Judiciary Law § 487;

F.  An order awarding disbursements, costs, and attorneys' fees pursuant to the FDCPA; and

G.  Such other and further relief that may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated:      July 12, 2012
            Pleasantville, New York

                                          Respectfully Submitted,

                                          Daniel A. Schlanger

Plaintiff's Attorneys
Schlanger & Schlanger, LLP
        Daniel A. Schlanger, Esq.
        Elizabeth Shollenberger, Esq
        Peter T. Lane, Esq.
343 Manville Road
Pleasantville, NY 10570
Ph: 914-946-1981
Fax: 914-946-2930
daniel@schlangerlegal.com