## ROBERT L. ARLEO, ESQ.
380 Lexington Avenue
17th Floor
New York, N.Y.  10168

Telephone: (212) 551-1115                                                                 Fax: (518) 751-1801
Email: r.arleo@verizon.net

August 30, 2012

Honorable Roslyn R. Mauskoff
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6A
Brooklyn, New York   11201
Via ECF

                              Re:  Tito v. Rubin & Rothman, LLC et al.
                                 Case No. 12-cv-03464 (RRM)(JMA)

Dear Judge Mauskopf:

    I am counsel for the Defendants named in the above-entitled action. The Defendants seek permission to file a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). I am requesting that Your Honor schedule a pre-motion conference in regard thereto.

    In her Complaint the Plaintiff alleges that the Defendants have violated New York Judiciary Law sec. 487 (hereinafter "sec. 487 ") and the Fair Debt Collection Practices Act ("FDCPA"). Sec. 487 holds that any attorney who is guilty of deceit or collusion with the intent to deceive a court or a party is liable to any party who suffers damages as a result thereof. Initially, the Plaintiff bases her sec. 487 claim upon alleged false allegations made in conjunction with pleadings in a lawsuit commenced by the Defendant Rubin & Rothman, LLC (hereinafter "R&R") in New York City Civil Court, Queens County on behalf of its client, TD Auto Finance, LLC (hereinafter "TD"). As such, her claim fails. New York courts consistently hold that assertions of unfounded allegations in a pleading, even if made for an improper purpose, do not provide for liability under sec. 487. *Thomas v. Chamberlain, D'Amanda, Oppenheimer & Greenfield*, 115 A.D.2d 999 (N.Y. App. Div. 4th Dep't. 1985); *Ticketmaster Corp. v. Lidsky*, 245 A.D.2d 142 (N.Y. App. Div. 1st Dep't. 1997). The U.S. District Court for the Southern District of New York has also adopted this rule of law from the New York courts. *O'Callaghan v. Sifre*, 537 F. Supp. 2d 594, 596 (S.D.N.Y. 2008).

    Plaintiff has further problems with her Complaint. The Complaint alleges that the Plaintiff was never served with the summons and complaint in the Civil Court action, the content of which serves as the basis of her allegations. If the Plaintiff never read the complaint there can be

2

no FDCPA claim nor sec. 487 claim. If the Plaintiff attempts to allege that she reviewed the Civil Court complaint after her attorney retrieved same, then this scenario also fails. The Second Circuit Court of Appeals has already stated that "Where an attorney has been interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer…." from alleged abusive debt collection tactics. *Kropelnicki v. Siegel*, 290 F.3d 118, 127-8 (2d Circuit 2002). In *Gabrielle v. Law Office of Martha* Croog, 2012 U.S. Dist. LEXIS 17549, the sister Second Circuit District of Connecticut held that statements made within the context of litigation cannot be considered to be misleading of a plaintiff who was represented by counsel. See also *Boyd v. J.E. Robert Co.*, 2010 U.S. Dist. LEXIS 140905 (E.D.N.Y.)(finding that communication sent to a debtor's attorney are not actionable under the FDCPA.); *Tromba v. M.R.S. Assocs., Inc.*, 323 F. Supp. 2d 424, 427-8 (E.D.N.Y. 2004)(holding that a fax sent by a debt collector solely and directly to debtor's attorney is not actionable under the FDCPA.) This rationale should also apply to her sec. 487 claim. If she didn't read the summons and complaint, how could she be deceived?

In sum, nowhere is it alleged that the Plaintiff received the Civil Court summons and complaint *prior* to the time she was represented by counsel. Paragraph 23 of the Plaintiff's Complaint alleges that she never knew about the lawsuit until after her bank account was restrained on or about April 23, 2012. Paragraph 24 of the Complaint alleges that, through an attorney, she filed on Order to Show Cause to Vacate the Default Judgment.

I refer Your Honor to the holdings in the matters of *Diaz v. Portfolio Recovery Assocs., LLC*, 2012 U.S. Dist. LEXIS 72724 (S.D.N.Y.) and *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 428-29 (S.D.N.Y. 2010). Each of these cases held that similar claims of no meaningful attorney review by debt collection lawyers may be enough to *plead* a violation of sec. 487. Each of these cases both concerned Fed. R. Civ. P. 12(b)(6) motions to dismiss brought by the debt collectors named therein. However, neither of these cases considered the New York State case precedent listed heretofore herein in regard to pleadings not being a basis for a sec. 487 claim.

Importantly, the plaintiff in the *Diaz* matter was served with the summons and complaint and filed an answer thereto *pro se*. Therefore, there was no issue of a lack of a debt collection communication. In *Sykes*, seven of the eight plaintiffs named therein denied receiving service of the summons and complaint. Importantly, the issue of lack of receipt of the summons and complaint was not considered by the court therein. Thus, for the reasons set forth heretofore, neither *Diaz* nor *Sykes* can serve as legal authority to defeat the herein Defendants' requested motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

                                                  Respectfully submitted,

                                                  / s / *Robert L. Arleo*

                                                  Robert L. Arleo

RLA:gra
cc: Daniel Schlanger, Esq. via ECF
    Elizabeth Schollenberg, Esq. via ECF
    Peter T. Lane, Esq. via ECF