# SCHLANGER & SCHLANGER, LLP
## ATTORNEYS AT LAW

343 MANVILLE ROAD
PLEASANTVILLE, NY 10570
TEL: 914-946-1981  FAX: 914-946-2930
DANIEL@SCHLANGERLEGAL.COM
WWW.NEWYORKCONSUMERPROTECTION.COM

MICHAEL SCHLANGER, ESQ.
DANIEL A. SCHLANGER, ESQ.*
  *ADMITTED IN NY & OH

ELIZABETH SHOLLENBERGER, ESQ.
PETER T. LANE, ESQ.*
  *ADMITTED IN NY & MA

**MANHATTAN OFFICE**
9 EAST 40TH STREET, SUITE 1300
NEW YORK, NEW YORK 10016

September 14, 2012

**VIA ECF**

Hon. Roslynn R. Mauskopf
United States District Court, E.D.N.Y
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Tito v. Rubin & Rothman, LLC, et. al.</u> (12-cv-03464)(RRM)(JMA)

Your Honor:

My firm represents Plaintiff in the above-referenced class action, brought under the Fair Debt Collection Practices Act (FDCPA), 15 USC § 1692, *et seq.*, and New York Judiciary Law § 487 (NYJL § 487) against debt collection firm Rubin & Rothman, LLC and its principal, Keith Rothman, Esq. I write in response to Defendants' request for a Fed. R. Civ. P. 12(b)(6) pre-motion conference. As set forth below, Defendants' proposed motion is without merit.

Plaintiff alleges that Defendants violated the FDCPA and NYJL § 487 in that they failed to meaningfully review state court pleadings signed by attorneys, and regularly filed pleadings containing false and deceptive boilerplate language in the course of representing TD Auto Finance LLC (TD Auto). Specifically, Plaintiff has alleged that Defendants intentionally mischaracterize TD Auto as an "original creditor or passive debt buyer," when it is neither, thereby deceiving consumers and the New York State Courts into believing that questions of standing and chain of title are not at issue in the state court collection actions.

Because, as alleged in the complaint, the auto loans underlying Defendants' collection actions have been assigned from the dealerships and because those loans are pooled into complex securitized trusts, TD Auto's standing is a material issue in those collection actions.

Defendants make three basic arguments as to why the action should be dismissed, all of which are without merit:

**SCHLANGER & SCHLANGER, LLP**
ATTORNEYS AT LAW

1. **Defendants' Claim That False Pleadings Are Exempt From § 487 Is Incorrect:**

According to Defendants, false and deceptive pleadings are exempt from NYJL § 487, whose purpose is to prevent "deceit or collusion . . . with intent to deceive the court or any party" NYJL § 487(1).

It is not surprising that the statute, aimed at misconduct occurring in judicial proceedings, contains no such limitation. Rather, the cases cited by Defendants stand for two unremarkable propositions: (a) an "unfounded allegation" in a state court pleading is not actionable absent the assertion that the attorney involved acted with intent; and (b) an allegation of a single false statement to a court will rarely rise to the level of misconduct covered by the statute.

*O'Callaghan v. Sifre*, 537 F. Supp. 2d 594, 596-597 (S.D.N.Y. 2008), relied upon by Defendants, is explicit regarding the distinction between isolated allegations that prove to be unfounded but are within the bounds of vigorous advocacy, and the chronic, intentional assertion of falsehoods in state court documents alleged here:

> By confining the reach of the statute to intentional egregious misconduct. . . exclud[es] from liability statements to a court that fall "well within the bounds of the adversarial proceeding." Under this threshold, an action grounded essentially on claims that an attorney made meritless or unfounded allegations in state court proceedings would not be sufficient to make out a violation of § 487. . . . [T]he Court finds that the statements at issue neither demonstrate *sufficient intent to deceive the court nor a party, nor that they demonstrate a sufficiently chronic and extreme pattern of legal delinquency.*

*Id.* (emphasis added).[1]

In the consumer protection context, Courts have relied upon this distinction between isolated and ultimately unfounded allegations versus court documents containing repeated, intentional misrepresentations in allowing NYJL § 487 claims to proceed. See *Sykes v. Mel S. Harris*, 757 f. Supp. 2d, 413, 428-429 (SDNY 2010), and *Diaz v. Portfolio Recovery Assocs., LLC*, 2012 U.S. Dist. LEXIS 25802 (EDNY 2012). Indeed, Magistrate Pollak's Report and Recommendation in *Diaz*, discusses the *Callaghan* line of cases at length and finds them inapplicable where, as here, Plaintiff "alleged a broad pattern of deceptive filings that plaintiff claims were 'robosigned" without meaningful review [.]" *Id.* at *43-44. See also, *Diaz v. Malen & Assoc.*, 2012 U.S.Dist. LEXIS 72724 (EDNY 2012) adopting Magistrate Pollak's R&R (at *16-17), and citing *Miller v. Upton, Cohen & Slamowitz*, 687 F. Supp. 2d 86, 96 (EDNY 2010) regarding failure to meaningfully review state court pleadings (at *12-13).[2]

---

[1] *Thomas v. Chamberlain, D'Amanda, Oppenheimer & Greenfield*, 115 A.D.2d 999 (N.Y. App. Div. 4th Dept.), relied upon by Defendants, contains no discussion, but it is clear from the cases cited there that the Court was making the same distinction between allegations that were merely unfounded vs. allegations that were knowingly false. Specifically, *Thomas* cites to *Goldner v. Sullivan, Gough, Skipworth, Summers & Smith*, 105 A.D.2d 1149, 1151 (N.Y. App. Div. 4th Dep't 1984), which found no violation where "[t]here is no allegation of any specific fraudulent or deceitful communication or statement either to the court or to the Grand Jury".

[2] Defendants' statement that *Diaz* does not address *Callaghan* and the cases cited therein is thus simply incorrect.

**SCHLANGER & SCHLANGER, LLP**
  ATTORNEYS AT LAW

Plaintiff has alleged precisely the type of broad pattern of deceptive filings that Courts have found actionable under NYJL § 487. Complaint at Para. 65. ("These false representations . . . .are [a] routine and recurring part of [Rubin & Rothman's] practice before the Courts, that is designed and has the effect of increasing R&R's profits by increasing the number of consumer accounts handled, lowering the cost of handling each account, and hiding from the Court and Defendants the existence of potentially significant defenses.")

2. **False Statements In Communications Are Actionable Under The FDCPA Regardless Of Whether They Are Received By The Consumer:**

Defendants claim that a false and deceptive Complaint that is not properly served cannot violate the FDCPA because there can be no deception where the false communication is not received by the consumer. This, too, is wrong. So long as the deceptive statement was sent to the consumer, it is immaterial whether it was received. *Harrison v. Great Springwaters of America*, 1997 U.S. Dist. LEXIS 2326, *11-12 (EDNY 1997); *Kuhn v. Account Control Technology*, 865 F. Supp. 1443, 1450 (D. Nev.1994). *Gonzalez v. Arrow Financial*, 489 F. Supp. 2d 1140, 1148 (SDCA 2007). Indeed, both *Sykes* and *Diaz* involved allegations of improper service.

3. **False Statement Made In A Communication Filed With The Court And Directed To The Consumer Are Not Protected Merely Because The Consumer *Later* Obtains Counsel:**

Defendants claim that false and deceptive pleadings do not violate the FDCPA where a Defendant fails to properly serve them, and the consumer later retains counsel. Defendant's theory here is that the pleadings should be deemed to have been sent to the attorney, not the consumer. Defendants are, again, incorrect. While a communication directed "solely" to a represented consumer's attorney is not a communication with a consumer for purposes of the FDCPA (see *Tromba v. M.R. S. Assocs., Inc.*, 323 Supp. 2d 424, 427-428 (EDNY 2004)), no court has held that documents directed to a consumer fall outside the statute because the consumer *later* retained counsel. A plaintiff who was never served in a collection action and did not review any false and deceptive pleadings until retaining counsel after judgment, may proceed on an FDCPA claim related to the use of those false pleadings. See *Diaz v. Portfolio Recovery Assocs., LLC*, 2012 U.S. Dist. LEXIS 25802, *3 (EDNY 2012); *Sykes* at 424; *Coble v. Cohen & Slamowitz, et al.* 824 F. Supp. 2d 568 (SDNY 2011).

For the reasons stated above, the Court should deny Defendants' proposed motion in its entirety.

Respectfully,

Daniel A. Schlanger, Esq.

cc: Robert Arleo, Esq.
    Peter T. Lane, Esq.