**ROBERT L. ARLEO, ESQ.**
380 Lexington Avenue
17th Floor
New York, N.Y.  10168

Telephone: (212) 551-1115                                      Fax: (518) 751-1801
Email: r.arleo@verizon.net

February 4, 2013

Honorable Roslyn R. Mauskopf
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6A
Brooklyn, New York   11201
Via ECF

Re:  Tito v. Rubin & Rothman, LLC et al.
Case No. 12-cv-03464 (RRM)(JMA)

Dear Judge Mauskopf:

   I am counsel for the Defendants named in the above-entitled action. I am also presently a defense counsel of record in the matter of Corpac v. Rubin & Rothman, LLC 10-cv-4165 ("T(t)he Corpac action.) For the underlying reasons I am corresponding herein for the purpose of requesting that Your Honor stay the above-entitled action. Importantly, I spoke this afternoon with Plaintiff's counsel Daniel Schlanger and advised him that I would be requesting a stay. Dan unequivocally *does not consent* to the stay request. Notwithstanding, I advise Your Honor as follows.

   The Plaintiff in the above-entitled action was named as a defendant in a lawsuit filed by the Defendant, Rubin & Rothman, LLC ("R&R"). The lawsuit was filed in the Civil Court for the City of New York, Queens County. The Plaintiff alleges that documents filed in regard to that lawsuit contain statements and misrepresentations which constitute violations of the Fair Debt Collection Practices Act ("FDCPA"). The complaint alleges (in part) that R&R violated the FDCPA for indicating that the court documents came from a law firm and were not meaningfully reviewed by an attorney thereby (allegedly) violating 15 U.S.C. sec. 1692e, 1692e(3) and 1692e(10) (paragraph 57(b) of Plaintiff's Complaint.) The above action is brought as a class action. The Corpac action alleges these identical "no meaningful attorney review" FDCPA claims based upon letters sent by R&R and based upon subsequent lawsuits filed thereafter by R&R. The Corpac action is also a class action.

   On April 5, 2012 Judge Arthur Spatt granted preliminary approval to a class settlement agreement entered into by Plaintiff Corpac and R&R. However, based upon a subsequent ruling by the Second Circuit in the matter of  *Hecht v. United Collection Bureau*, 2012 U.S. App. LEXIS 17374 (2nd Cir. Aug. 17, 2012), Judge Spatt has vacated his approval of that portion of

the class settlement agreement which allowed for newspaper notice to the class which was subsequently published on one day in the New York Post.

 On January 30, 2013 Judge Spatt issued an Amended Memorandum of Decision and Order in the Corpac matter. In the interests of brevity the Order can be summed up as allowing the parties the opportunity to negotiate a new class notice plan. R&R has retained additional counsel in the Corpac matter for the purpose of attempting to affect a new class notice plan. Judge Spatt has given Corpac's attorney until February 8th to present a new class notice plan. In the interests of total candor there were other issues resolved in Judge Spatt's Order which are not presently relevant to the above-entitled matter.

 The above-entitled matter also includes claims based upon violation of the FDCPA allegedly due to statements made in the Queens County court documents concerning the status of R&R's client therein in regard to being a "passive debt buyer" in conjunction with New York City Department of Consumer Affairs law and whether R&R improperly alleged that its client was a "creditor." The above-entitled action also alleges claims for violation of New York Judiciary Law sec. 487. Importantly, these sec. 487 claims are based upon the same "no meaningful attorney review" argument which allegedly supports the FDCPA claim.

 If Judge Spatt approves a new class notice plan in the Corpac matter he will need to issue a new preliminary approval order which could expand the class coverage to a date beyond the date set forth in the April 5, 2012 preliminary approval order (i.e. class coverage period ends on that date.) Even if Judge Spatt maintains the class period set forth in the April 5, 2012 preliminary approval the above-entitled action may be encompassed in the class period as all of the Queens County lawsuit documents concerning the Plaintiff are dated prior to April 5, 2012. In this event the class action status of the above entitled-action will be terminated upon an order of final approval of a class settlement agreement in the Corpac matter.  Importantly, the allegations of violation of New York Judiciary Law sec. 487 arise from the "identical factual predicate" as the FDCPA claims and would be covered by the release of claims in the Corpac matter. The "passive debt buyer" and "incorrect creditor" claims may also be covered by the identical factual predicate as the Corpac matter. In regard to release of claims based upon the "identical factual predicate" please see *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 2006 U.S. Dist. LEXIS 89226 (E.D.N.Y.) (wherein I served as counsel for the plaintiffs named therein.)

 Based upon all of the foregoing it would be proper for Your Honor to presently stay the above-entitled action pending events in the Corpac matter which could very well occur in the near future. Notwithstanding, Judge Spatt could issue an order staying the above-entitled action by invoking the federal All Writs Act ("AWA"). As Your Honor likely knows, the AWA provides that federal courts may issue all writs necessary in aid of their respective litigation. Such writs include injunctions staying other related lawsuits.

 In regard to issuing injunctions to stay related matters in regard to an FDCPA class action please see *Liles v. Del Campo*, 350 F.3d 742 (8th Cir. 2003). Other federal courts have issued

3

stays of related matters. See *In Re Managed Care Litig.*, 236 F. Supp. 2d 1336 (S.D. Fla. 2002)(enjoining related proceedings where Judicial Panel on Multidistrict Litigation has consolidated actions and issued orders, including one on class certification. *White v. NFL*, 41 F.3d 402, 409 (8th Cir. 1994)(finding that injunctions staying related proceedings in other federal courts are appropriate when necessary for adjudication or settlement of a case).

   Although I have engaged in intense class settlement discussions with Plaintiff's counsel Daniel Schlanger, as per my advisement in my correspondence to Your Honor dated January 16, 2013, Judge Spatt's Order has materially altered the landscape. Importantly, I am ethically bound to advise my client as to all of their options in regard to all matters wherein I serve as their counsel. As Judge Spatt's Order creates the real possibility that the Corpac class action could obtain an Order of final approval of a class settlement which could swallow the above-entitled action, I am undertaking the efforts herein to obtain the stay requested herein.

                                        Respectfully submitted,

                                        /   s   /   *Robert L. Arleo*

                                        Robert L. Arleo

RLA:gra
cc: Daniel Schlanger, Esq. via ECF
     Elizabeth Schollenberg, Esq. via ECF
     Peter T. Lane, Esq. via ECF