# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

GINA TITO,
on behalf of herself and
all others similarly situated,

              12-cv-3464

       Plaintiff       **Hon. Roslynn R. Mauskopf**

v.               **Hon. Joan Azrack**

RUBIN & ROTHMAN, LLC and
KEITH ROTHMAN, ESQ.

       Defendants.

-------------------------------------------------------x

## CLASS ACTION SETTLEMENT AGREEMENT

The Parties enter into the following Class Action Settlement Agreement and Release ("Agreement" or "Settlement Agreement"). This Settlement Agreement is entered into by and among **GINA TITO**, ("Tito") the named Plaintiff in this class action, in her individual capacity, and on behalf of the class described in this Agreement, and **RUBIN & ROTHMAN, LLC** ("R&R") **and KEITH ROTHMAN** ("Rothman"), the named Defendants in this action. Collectively, R&R and Rothman shall be referred to as "the Defendants." Tito, R&R, and Rothman, collectively, shall be the "Settling Parties," as more fully defined below. This Settlement Agreement is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle on behalf of the entire class the Released Claims, as defined herein, upon and subject to the approval of the Court and the terms and conditions herein.

## A. RECITALS

WHEREAS, the Complaint alleges that the Defendants, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* and the New York Judiciary Law § 487,

1

(a) Commenced actions in New York state court, employing complaints which falsely state that "[TD Auto Finance] is not required to be licensed by the NYC Dept of Consumer Affairs because it is a passive debt buyer or the original creditor,"

(b) filed Complaints and applications for default judgments in such actions that were deceptive and misleading in that they were signed by an attorney but were not in fact meaningfully reviewed by an attorney.

WHEREAS, the Complaint seeks actual damages, treble damages, declaratory relief, injunctive relief and attorneys' fees and other relief; and

WHEREAS, Class Counsel believe that they would ultimately prevail on claims asserted in the Complaint but deem the proposed settlement with Defendants as set forth herein to be in the best interests of the Class.

WHEREAS, Defendants have denied liability, raised defenses to the allegations of the complaint and maintain that they would ultimately prevail in this action but also agree that settlement set forth below is in their best interests as well; and

WHEREAS, the Court has not ruled on any substantive contentions as to the validity of the claims asserted in the Complaint or as to the liability or non-liability of the Defendants, nor has the Court expressed an opinion with respect thereto, nor do the parties to this Agreement make any admissions or concessions on these substantive issues.

WHEREAS, the Settling Parties have concluded that it is desirable for the Class Action to be settled to avoid further inconvenience, delay, and expense and to dispose of potentially burdensome and protracted litigation and to put to rest all claims that have been or might be asserted by the Class Members against the Defendants arising out of or related to the subject matter of the Complaint; and

WHEREAS, the Settling Parties have engaged in extensive, arms-length settlement negotiations, and have determined that the terms of this Settlement Agreement constitute a fair and reasonable compromise of the claims and defenses of all Settling Parties; and

WHEREAS, in consideration of the foregoing and other good and valuable consideration, it is stipulated and agreed by and between Plaintiff, in their individual and representative capacities, and Defendants that the claims for monetary, declaratory and injunctive relief against Defendants shall be settled and compromised through an Order entered by the Court which incorporates and references the following provisions:

## B. DEFINITIONS

1  Accessible Contact Information.  "Accessible Contact Information" means the names and addresses of Class Members as presently contained in the records of the Defendants or from forwarding addresses on mail returned by the United States Post Office. ~~Upon~~ within 20 days of execution of this agreement, Defendants shall provide to the plaintiffs' counsel the accessible contact information of all Class Members, together with the Index Number of any court action or proceeding commenced by the Defendant during the class period.

2  Action. "Action" means the above-captioned action currently pending in the United States District Court for the Eastern District of New York under Docket No. 12-CV-3464.

3  Attorneys' Fees. "Attorneys' Fees" means reasonable attorneys' fees, costs of litigation, and expenses, to be determined by the Court as set forth further herein. This amount is inclusive of the fees and expenses incurred by Class Counsel to answer any questions from the Class Members that contact Class Counsel up to and through the distribution of the settlement

3

proceeds following final approval of the settlement. "Attorneys' Fees" does not include the Class Representatives' payments or Settlement Administration Costs and Expenses. "Attorneys' Fees" are not taken from any award paid to the Class. There shall be no further application for "Attorney Fees" in addition to those "Attorney Fees" agreed to herein except in connection with an application to enforce the terms of this agreement.

4    TD Auto Finance: "TD Auto Finance" or "TDAF" means TD Auto Finance, LLC, i.e. the client on behalf of which the Defendants sued the Class Members in state court, giving rise to the allegations of this Action.

5    Claim Form "Claim Form" means the form that Class Members must return to receive a portion of the Settlement Amount. A copy of the proposed Claim Form is incorporated into the Notice to Class Members.

6    Class Counsel. "Class Counsel" means counsel for the Class Representative and the Class Members:

> Daniel A. Schlanger
> Schlanger & Schlanger, LLP
> 9 East 40th Street, Suite 1300
> New York, New York 10016
>
> James B. Fishman
> Fishman & Mallon, LLP
> 305 Broadway, Suite 900
> New York, NY 10007

Class Counsel represent that they are the only attorneys entitled to receive a fee for services rendered to the Class Representative and Class Members. Class Counsel further represents that no other law firm has any claim for attorney fees in connection with this matter.

7  Class Members. "Class Members" shall mean Persons defined in the following manner:

All persons who have been sued in a consumer collection action commenced in
New York State from July 12, 2011 through and including the date of preliminary
approval of the instant proposed settlement, in which R&R represented TD Auto
Finance LLC, and filed a complaint containing the false statement that "Plaintiff
is not required to be licensed by the NYC Dept of Consumer Affairs because it is
a passive debt buyer or the original creditor."

8  Class Representative. "Class Representative" means GINA TITO.

9  Complaint. "Complaint" means the Class Action Complaint dated filed in connection with this Action in the United States District Court for the Eastern District of New York, No. 12-CV-3464.

10  Conditional Order. "Conditional Order" means the order preliminarily approving this Settlement Agreement, approving the Notice, and setting the Fairness Hearing, as provided below in this Settlement Agreement, in a form of which is to be mutually agreed upon by the parties on or before 5/16/13, and if the parties are unable to mutually agree, in a form to be determined by the Court.

11  Court. The "Court" means the United States District Court for the Eastern District of New York.

12  Defendants. "Defendants" means RUBIN & ROTHMAN, LLC and KEITH ROTHMAN.

13  Defendant's Counsel. "Defendant's Counsel" means Robert L. Arleo, Esq., 380 Lexington Avenue, 17th Floor, New York, N.Y. 10168

14  Effective Date. "Effective Date" is the date which is thirty-five (35) days after the Final Approval Order of Judgment of the Class Action Settlement is entered with no possibility of an appeal.

15 <u>Fairness Hearing</u> "Fairness Hearing" means the hearing to determine whether the settlement of the Class Action is fair and reasonable and should be given final approval.

16 <u>Final Judgment</u>. "Final Judgment" means the Final Judgment provided for below, in a form of which is to be mutually agreed upon by the parties on or before 5/16/13, and if the parties are unable to mutually agree, in a form to be determined by the Court.

17 <u>Notice to Class Members</u>. "Notice" means the Notice of Proposed Class Action Settlement in a form to be mutually agreed upon by the parties on or before 5/16/13, and if the parties are unable to mutually agree, in a form to be determined by the Court.

18 <u>Notice Date</u>. "Notice Date" means the date that Notice is mailed to Class Members.

19 <u>Objection Form</u> "Objection Form" means the form that Class Members must return to object to the terms of the Settlement. A copy of the proposed Objection Form is incorporated into the Notice to Class Members.

20 <u>Opt-Out Date</u> "Opt Out Date" shall mean the date by which Class Members must submit their Claim Form, Request for Exclusion Form, or Objection Form.

21 <u>Person</u>. "Person" (when used in the singular or plural form) means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity and any other recognizable legal entity.

22 <u>Related Parties.</u> "Related Parties" shall mean each of a Person's past or present officers, directors, trustees, members, employers, employees, partners, member firms, affiliates, principals, agents, shareholders, attorneys, of counsel, accountants, auditors, advisors, personal and legal representatives, heirs, beneficiaries, assigns, predecessors, successors, parents,

subsidiaries, divisions, associates, related or affiliated entities, any members of their immediate families, and all Related Parties' and Settling Parties' insurers and their reinsurers. "Related Parties" shall not include Capital One Auto Finance.

23 <u>Released Claims.</u> "Released Claims" means the claims and liabilities released and discharged below.

24 <u>Reply Date</u> "Reply Date" means the deadline for Class Members to postmark their Claim Form, Requests for Exclusion Form, or Objection Form.

25 <u>Request for Exclusion Form</u> "Request for Exclusion Form" means the form that Class Members must return to be excluded from the Class. A copy of the proposed Request for Exclusion Form is incorporated into the Notice to Class Members.

26 <u>Settlement.</u> "Settlement" means the terms and conditions set forth in this Agreement, including all Exhibits.

27 <u>Settlement Administration Costs and Expenses.</u> "Settlement Administration Costs and Expenses" means the costs and expenses related of the services of a Settlement Administrator to facilitate the Settlement, including, but not limited to, the costs of printing and mailing Notice, processing Claim Forms, and mailing Settlement Checks to eligible Class Members.

28 <u>Settlement Administrator.</u> "Settlement Administrator" means an independent settlement administrator selected by the Plaintiff's counsel.

29 <u>Settlement Amount.</u> "Settlement Amount" means the amounts paid to the Class Members, including GINA TITO, plus the compensation to Class Counsel.

30 <u>Settlement Checks.</u> "Settlement Checks" are the checks used to pay Class Members.

31 _Remainder Funds_. "Remainder Funds" are the funds, if any, that remain after all Class Members who have returned claim forms have been paid.

32 _Settling Parties._ "Settling Parties" means GINA TITO, on behalf of herself and a class of persons similarly situated (collectively "Plaintiffs" or "Class Members") and RUBIN & ROTHMAN, LLC and KEITH ROTHMAN.

33 _Settlement Fund._ "Settlement Fund" means the fund created by the defendants to be used to satisfy payments made to the Settling Parties, in the amount of $23,333.33. Defendants shall pay attorney's fees, costs, and the Cost of Class Administration and Notice, separate and apart from the Settlement Fund.

## C. PLAN OF ALLOCATION

1  Relief to Plaintiff and Class Members

A. _Monetary Relief_    Defendants will establish the Settlement Fund totaling $23,333.33 Out of the Settlement Fund $2,500 will be paid to the Class Representative for her role and services in this litigation, $1,000 to be categorized as FDCPA statutory damages and $1500 to be categorized as compensation for acting as the Class Representative. The balance of the fund shall be divided, on a _pro rata_ basis, among those Class Members who timely file a Claim Form in the manner set forth in the Notice. Under no circumstances will any Class Member receive more than one Settlement Check or more than $1,000.

Within 20 days of execution, Defendants shall deliver $23,333.33 in good funds, payable to "Schlanger & Schlanger, LLP as attorneys" to Schlanger & Schlanger, LLP, 9 East 40th Street, Suite 1300, New York, New York 10016. In addition, Defendants shall deliver any attorney's fees awarded by the Court on or before the Effective Date. Schlanger & Schlanger, LLP shall escrow said funds and shall

8

transfer the $23,333.33 to the Settlement Administrator selected by Plaintiff's counsel within 10 days of the Effective Date.

2.      Settlement Administration Costs and Expenses. In addition to establishing the Settlement Fund, Defendants will pay the costs of sending Notice to the Class, distributing Settlement Checks to Class Members and any other costs of the Settlement Administrator associated with this action.

3.      Remainder Funds. Remainder Funds are to be paid to the National Consumer Law Center, located in Boston, MA, a not-for-profit organization concerned with the rights of consumers.

4.      Attorneys' Fees. In addition to the Settlement Fund and other benefits described above, within 10 days of execution of this Agreement, Defendants shall deliver $_____ in good funds, payable to "Schlanger & Schlanger, LLP as attorneys" to Schlanger & Schlanger at the address listed above. These funds shall be held in escrow until the Effective Date, at which time Plaintiff's counsel may disburse the funds to Plaintiff's counsel.

5.      Class Notice. Through the Settlement Administrator, Defendants shall cause the Notice to be sent at the time provided in the Conditional Order.

6.      Class Members' Entitlement to a Portion of the Settlement: Class Members must return the Claim Form in the time and manner specified in the Conditional Order to receive a portion of the Settlement Amount.

7.      Class Members' Right of Exclusion. Any Class Member may seek to be excluded from this Settlement Agreement and from the Class within the time and in the manner provided in the Conditional Order. Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement nor entitled to any of its benefits.

8.      Class Members' Right to Object to the Settlement      Any Class Member may object to

\* Defendants agree to pay attorney's fees ~~amount~~ as determined by the Court. Plaintiff to submit its fee application by 6/6/13. Defendants to submit opposition by 6/28/13. Plaintiff to reply by 7/12/13

this Settlement Agreement within the time and in the manner provided in the Conditional Order. A Class Member who objects to the settlement may also file a Claim Form.

## D. SOURCE OF SETTLEMENT FUNDS

1. R&R shall contribute $15,333.33 to the Settlement Fund. Class Counsel is satisfied, after examination of R&R's certified financial statements, that its net worth *was, at the time of renew* is approximately $2.5 million dollars. R&R cannot not lessen its liability by providing financials showing a lower net worth.

2. In addition, R&R shall contribute $2,500 (two thousand and five hundred dollars) to the Settlement Fund as payment to the Class Representative.

3. In addition, R&R will contribute $2,000.00 (two thousand dollars) to the Settlement Amount in exchange for the Limited Release of TD Auto Finance, as described below.

4. Separate and apart from all payments referenced above, R&R will pay all costs of Settlement Administration. In addition, R&R will pay attorneys fees in an amount to be determined by the Court.

5. Defendant Rothman will contribute $3,500 to the Settlement Fund Defendants in no way admit that the FDCPA requires or allows Rothman's net worth to be aggregated with R&R's net worth for purpose of calculating the maximum amount of statutory damages in a class case. Mr. Rothman will not be required to provide any financial disclosures regarding his personal net worth.

6. The total amount being paid by R&R and Rothman under this agreement is $23,333.33 plus the Costs and Expenses of the Claims Administrator, plus attorneys fees in whatever amount the Court determines, upon application.

## E. RELEASED CLAIMS

1. It is the agreement and intent of the Settling Parties that this Settlement Agreement be construed and

10

enforced as a mutual and global release subject to the limitations and exclusions provided below. Accordingly, it is hereby agreed that upon the Effective Date of this Settlement Agreement, the Class Representative and Class Members and his, her or its respective Related Parties shall hereby be deemed to have, and by operation of this Settlement Agreement have fully, finally, and forever released, relinquished, discharged, and waived, against Defendants, including its Related Parties, any and all claims of whatever kind or nature, from the beginning of time to the Effective Date hereof, on account of any and all loss or damages of any kind whatsoever, known or unknown, arising out of, resulting from or relating to all allegations, claims or defenses which have been raised in the Complaint in this Action.

2. With respect to TD Auto Finance, the Class Members shall release Capital One Auto Finance only as to any affirmative claims a Class Member may have against Capital One Auto Finance, and only if such claims are based on a factual predicate identical to the factual predicate alleged in the Complaint in this Action. Class Members retain all rights to any defense that they may have in any court proceeding brought against them by TDAF, even if such defense is based upon a factual predicate identical to the factual predicate alleged in the Complaint in this Action. Only TDAF itself is entitled to the provisions of this limited release. Its provisions do not apply to any heirs, beneficiaries, assigns, predecessors, successors, parents, subsidiaries, divisions, associates, related or affiliated entities.

## F. CONDITIONAL APPROVAL ORDER AND FAIRNESS HEARING

1. <u>Conditional Approval Motion</u>. In accordance with the procedures and time schedules below, Class Counsel shall take such actions to prepare, file and submit, subject to the prior approval by all other

11

Settling Parties, all appropriate notices, motions, and proposed order forms, as reasonably necessary to obtain both conditional and final approval of this Settlement Agreement from the Court. All Settling Parties shall cooperate, and as appropriate, shall join with Class Counsel in seeking to accomplish the following:

      a.   Immediately upon the execution of this Agreement by Settling Parties, counsel for the Settling Parties shall jointly move for conditional approval of this Agreement, including a request that the Court approve the mailing of the Notice within thirty (30) days of the entry of an order granting conditional approval of this Agreement. All Settling Parties shall join in that motion, and shall support any order approving this Agreement through any appeal, if necessary; and

      b.  The Conditional Approval Order shall require, and the Notice shall set out, that any objections to this Settlement Agreement must be made in writing, filed with the Court, and served upon Class Counsel. The Notice shall provide that any objection that is not received within the time set by the Court is deemed waived. Class Counsel shall maintain an email address that may be used by Class Members who may have questions regarding this Settlement Agreement; and

      c.  The Settling Parties shall jointly request a Fairness Hearing date, which is no more than forty five (45) days after the date of entry of the Preliminary Approval Order.

2. <u>Conditional Order</u>. The Conditional Order entered by the Court as defined herein shall, as a condition of this Settlement Agreement at a minimum contain the following provisions:

a                Conditional approval of the Settlement Agreement set forth herein, and subject to any objections that may be presented to the Court prior to the Settlement Hearing, a finding that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Class; and

b.              Approval of the form of a Class Notice, as defined herein, that includes the general terms of the settlement set forth in the Settlement Agreement, the procedures for filing a claim form, making objections and opting out described below and directing the Defendants, through the Settlement Administrator to cause to be mailed by first class mail the Class Notice to all Class Members at their respective addresses as derived from the Accessible Contact Information within twenty (20) days from the date of said order; and

c.              A finding that the mailing of the Class Notice by regular first class mail to all Class Members at their respective addresses as derived from the Accessible Contact Information constitutes valid, due and sufficient notice to the Class Members and their Related Parties, and constitutes the best notice practicable under the circumstances, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

d.              To administer the settlement, the parties have selected Garden City Group, Inc.

3. <u>Objections</u>. Any class member who objects to the Settlement contemplated by this Agreement shall have a right to appear and be heard at the Fairness Hearing provided that such Class Member files with the Court and delivers to the Class Counsel and Defendants' Counsel a written notice of objection together with a statement of reasons for the objection no later than 14 days before the Fairness Hearing date. Class Counsel and Defendants' Counsel may, but need not, respond to the objections. The manner in which a notice of objection should be prepared, filed and delivered shall

13

be stated in detail in the Notice. Only Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Fairness Hearing, unless the Court orders otherwise. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or award of Attorneys' Fees to Class Counsel, unless otherwise ordered by the Court.

4. <u>Exclusion from the Class</u>. Any Class Member may seek to be excluded from the Settlement. Any Class Member so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent in writing to the Court, Class Counsel and Defendants' Counsel and be post-marked no later than the date set by the Court and must be transmitted by first class mail. The Opt-Out Date will be no later than the deadline for opt-outs set by Court its Conditional Order and requests for exclusion postmarked after that date will have no legal effect. To be effective, the request for exclusion must make clear that exclusion is sought by stating words to the effect of: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN TITO V. RUBIN & ROTHMAN AND KEITH ROTHMAN." The request for exclusion must contain the excluded Class Member's name, address and signature.

5. <u>Claiming a Portion of the Settlement</u>. Any Class Member may file a Claim Form and must so file to be entitled to share in the Settlement. To be timely, a Claim Form must be sent in writing to the Settlement Administrator and be post-marked no later than the date set by the Court and must be transmitted by first class mail. The date will be no later than the deadline set by Court its Conditional Order and Claim Forms postmarked after that date will have no legal effect.

## G. **FINAL JUDGMENT**

14

1. <u>Final Judgment</u>. The Final Judgment, as defined herein, entered upon the Fairness Hearing by the Court shall, as a condition of this Settlement, at a minimum, include the following provisions:

   a. A finding that the distribution of the Notice fully and accurately informed all Class Members and Related Parties entitled to notice of the material elements of the Settlement, constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution and any other applicable law; and

   b. A finding that after proper notice to the Class Members and after sufficient opportunity to object, no timely objections to this Settlement Agreement have been made, or that all timely objections have been considered and denied; and

   c. Approval of the Settlement, as set forth in the Settlement Agreement, as fair, reasonable, adequate, and in the best interests of the Class Members, under Rule 23 of the Federal Rules of Civil Procedure, and a finding that the Settlement is in good faith, and ordering the Parties to perform the Settlement in accordance with the terms of this Settlement Agreement; and

   d. A finding that neither the Final Judgment nor the Settlement Agreement shall constitute an admission of liability by the Settling Parties, or any of them, of any liability or wrongdoing, and

   e. Subject to reservation of jurisdiction for matters discussed in subparagraph (h), below, dismisses with prejudice the Complaint; and

   f. In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, finds that there is no just reason for delay, and orders the entry of a Final Judgment; and

g. A finding that all Class Members and their Related Parties shall, as of the entry of Final Judgment, conclusively be deemed to have released and forever discharged the Defendants and its Related Parties from all Released Claims, and forever enjoining and barring all Class Members and their Related Parties from asserting, instituting or prosecuting in any capacity, before any court or governmental agency, any action or proceedings against the Defendant that assert any Released Claims; and

h. A reservation of exclusive and continuing jurisdiction over the Action and the Settling Parties for the purposes of, among other things: (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Conditional Approval Order, and the Final Judgment; and (ii) supervising the administration and distribution of the relief to the Class Members and resolving any disputes that may arise with regard to any of the foregoing.

i. A finding that, by stipulation of the parties, Plaintiff's Second Cause of Action (for violation of New York Judiciary Law 487) is dismissed with prejudice.

## H. CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, RECISSION OR TERMINATION

1. This Settlement Agreement, including the releases herein, shall be null and void, and the provisions below shall apply, if any of the following conditions fail to occur or be satisfied prior to the Effective Date (the date the Final Judgment becomes Final):

All non-Settlement related activities regarding the Class Action Complaint shall be, and shall remain, stayed by the Court pending Final Judgment approving this Settlement Agreement; and

a. All Settling Parties shall approve, execute, and perform all such acts or obligations that are required by this Settlement Agreement to be performed prior

to the Effective Date; and

    b.      A Conditional Order, as defined herein, shall be entered by the Court; and

    c.      At or prior to the Fairness Hearing, no objections to this Settlement Agreement have been received, or if any such objections have been received, all such objections have been considered and denied by the Court; and

    d.   At or prior to the Fairness Hearing, not more than 15% of all Class Members who were mailed the Notice elected to opt-out of the Class and this Settlement; provided, however, it shall remain Defendants' sole and exclusive right to waive this condition; and

    e.   A Final Judgment, as defined herein, shall be entered by the Court; and

    f.   Subject to the reservation of jurisdiction for matters described above, the Action must be dismissed with prejudice.

2.   In the event that this Settlement Agreement is finally rejected upon the Fairness Hearing, or in the event a Final Judgment is not entered, or does not become final, or in the event that the Settlement Agreement is rejected by the mandate of an appellate court, then the terms of this Agreement shall be null and void:

    g.   The terms of this Agreement shall have no further force and effect with respect to the Settling Parties.

    h.   This Agreement shall not be used in litigation for any purpose; provided, however, this Agreement may be used for bringing an action for failure of a Settling Party to take steps required by this Agreement; and

    i.   The Settling Parties shall be restored to their respective positions in the litigation

17

as of the date of the Settlement Agreement (including, inter alia, with regard to Plaintiff's claim under New York Judiciary Law 487, the dismissal of which was consented to by Plaintiff on the express condition that Final Settlement was approved and the Settlement Agreement neither rescinded or terminated under any provision of this Agreement or otherwise; and

j.  Any Judgment or orders entered by the Court in accordance with this Settlement Agreement shall be treated as vacated.

## I. MISCELLANEOUS PROVISIONS

1. Enforcement. The Settling Parties acknowledge that violation of the Settlement Agreement or any of the releases will cause immediate irreparable injury for which no remedy at law is adequate. If any Settling Party fails to perform his, her or its obligations hereunder, any other Settling Party shall be entitled to specific performance, including through mandatory preliminary and injunctive relief, in addition to such other remedies as provided herein. Nothing contained herein shall be construed to preclude any Settling Party from applying for contempt or other remedy or sanction provided by the Federal Rules of Civil Procedure for breach of this Settlement Agreement.

2. Commitment to the Settlement and Communication with the Class. The Settling Parties and their counsel agree to recommend approval of and to support the Settlement Agreement to the Court and to the Class Members and to undertake their best efforts, including all reasonable steps and efforts contemplated by the Settlement Agreement and any other reasonable steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to carry out the terms of the Settlement Agreement. The Office of Schlanger & Schlanger LLP will be listed as the contact for Class Members' questions. The Parties shall cooperate, assist and undertake all reasonable actions in order

to accomplish the Settlement on a timely basis in accordance with the schedule established by the Court. Class Counsel shall make every reasonable effort to encourage Class Members to participate in and to not opt-out of the class. In furtherance of its responsibility to the Class Members and the obligation to preserve the integrity of the class, Class Counsel represents that (i) it does not currently represent any individuals falling within the definition of Class Member that Class Counsel is aware intend to opt out of the Settlement; and (ii) it will not represent a Class Member who has opted out of the Settlement. In furtherance of such obligations, Class Counsel is permitted to state and represent that the FDCPA limits the recovery of damages in this action to the lesser of $500,000 or 1% of the net worth of the Defendants. Further Class Counsel is hereby authorized and permitted to advise Class Members and their representatives that the total damages being recovered in this settlement exceeds 1% of the Defendants' net worth.

3. <u>Good Faith Settlement and Advice of Counsel</u>. The Settling Parties agree that the terms of the Settlement reflect a good-faith settlement of the claims asserted by the Class Representatives and other Class Members in the Action, reached voluntarily after consultation with experienced legal counsel.

4. <u>Incorporation</u>. All of the Exhibits to the Agreement are material and integral parts of the Settlement and are fully incorporated herein by this reference.

5. <u>No Waiver</u>. The waiver of one Settling Party of any breach of this Settlement Agreement by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement; nor shall such a waiver be deemed a waiver by any other Settling Party of that breach or a waiver by that Settling Party of any other Settling Party's breach.

6. <u>Modification</u>. The Agreement may be amended or modified only by a written instrument signed by

19

or on behalf of all Settling Parties or their successors-in-interest.

7. Headings. The heading of the paragraphs herein are for convenience only and do not define, limit, or construe the contents of this Agreement.

8. Entire Agreement. Except as provided herein, the Agreement and the Exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Settling Party concerning the Agreement or its Exhibits other than the representations, warranties and inducements contained and memorialized in the Agreement and the Exhibits thereto.

9. Authority to Settle. Class Counsel warrant that they are expressly authorized by the Class Representative to take all appropriate action to effectuate the terms and conditions of the Settlement and also are expressly authorized to enter into any modifications of, or amendments to, the Agreement on behalf of the Class which they deem appropriate.

10. Authority to Execute. Each counselor or other person executing the Agreement or any of its Exhibits on behalf of any Settling Party hereto hereby warrants that he or she has the full authority to do so.

11. Counterparts. The Agreement may be executed in one or more counterparts, with facsimile signatures, each of which shall be deemed to be one and the same instrument. Counsel for all the Settling Parties shall exchange among themselves signed counterparts, and a complete set of executed counterparts shall be filed with the Court.

12. Binding Effect. The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties hereto. All Settling Parties waive the right to appeal or collaterally attack the Final Judgment entered under this Settlement Agreement.

20

13. <u>Exclusive Jurisdiction and Venue for Enforcement</u>.  Any dispute relating to this Agreement and/or Final Judgment shall be resolved exclusively in the U.S. District Court for the Eastern District of New York, which Court shall retain exclusive jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement and/or Final Judgment.  The Settling Parties agree to submit to the Court's exclusive jurisdiction and venue for the purposes described above.

14. <u>Costs and Expenses</u>.  Except as otherwise provided herein, each Settling Party shall bear its own costs and expenses.

15. <u>Interpretation</u>.  All Settling Parties have participated in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity should not be presumptively construed for or against any of the Settling Parties.

*[rest of page intentionally left blank]*

IN WITNESS WHEREOF, the Parties hereto have caused the Agreement to be executed, by their duly authorized attorneys.

Dated: May ___, 2013

_____
Daniel Schlanger, Esq.
Schlanger & Schlanger, LLP
Co-Counsel for Plaintiff
9 East 40th Street, Suite 1300
New York, NY 10016

_____
James B. Fishman, Esq.
Fishman & Mallon, LLP
Co-Counsel for Plaintiff
305 Broadway, Suite 900
New York, NY 10007

_____
Robert L Arleo, Esq.
Counsel for Defendants
380 Madison Ave., 17th Floor
New York, NY 10168