# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GINA TITO,
on behalf of herself and
all others similarly situated,

                  12-cv-3464

        Plaintiff                Hon. Roslynn R. Mauskopf

v.                                  Hon. Joan Azrack

RUBIN & ROTHMAN, LLC and
KEITH ROTHMAN, ESQ.

        Defendants.
------------------------------------------------------------x

## PRELIMINARY APPROVAL ORDER

This matter comes before the Court on the joint request of GINA TITO ("Tito"), the named Plaintiff in this class action, in her individual capacity, and on behalf of the class described in the May 2, 2013 Settlement Agreement ("the Agreement"), and RUBIN & ROTHMAN, LLC ("R&R") and KEITH ROTHMAN ("Rothman"), the named Defendants in this action, for preliminary approval of the Agreement. The Court has reviewed the Agreement and its attached exhibits, and good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1) <u>Definitions</u>:    For the purposes of this Order, the Court adopts, by reference, the definitions set forth in the "definitions" section of the Settlement Agreement dated May 2, 2013.

2) <u>Certification of a Settlement Class</u>:    The Court hereby finds that, for settlement purposes only, all requirements for class certification under Federal Rule 23(b)(3) have been met in this case. The provisional certification is made without prejudice to Defendants' right to

1

contest the appropriateness of class certification should this Settlement not be finally approved by the Court for any reason. The Settlement Class consists of: "All persons who have been sued in a consumer collection action commenced in a New York State court between July 12, 2011 and the date of preliminary approval in which R&R represented TD Auto Finance and filed a complaint containing the statement that "[p]laintiff is not required to be licensed by the NYC Dept of Consumer Affairs because it is a passive debt buyer or the original creditor." The defendants have reviewed their records and, based upon that review, have represented to the plaintiff that there are 561 persons in the class.

3) <u>Conditional Approval</u>. The Court conditionally approves the Settlement Agreement dated May 2, 2013 and, subject to any objections that may be presented to the Court prior to the Settlement Hearing, finds that the terms and conditions of the Settlement Agreement are fair, adequate, reasonable, and in the best interests of the Class;

4) <u>Attorneys' Fees</u>. The Defendants have agreed to pay attorneys' fees and costs as determined by the Court.

5) <u>Cy Pres</u>. The Court conditionally approves the National Consumer Law Center as the recipient of any *cy pres* funds that may become available pursuant to the terms of the settlement.

6) <u>Class Notice</u>. The Court approves of the form and content of a Class Notice in the form annexed to the Settlement Agreement and finds that

   a) Mailing of the Class Notice by regular first class mail to all Class Members at their last known address as derived from the Accessible Contact Information constitutes valid, due and sufficient notice to the Class Members constitutes the best notice practicable under the circumstances and complies fully with the requirements of Rule 23 of the Federal

2

Rules of Civil Procedure, the Constitution of the United States, and any other applicable law; and

b) The Parties have agreed to use Garden City Group, Inc., a class administration company, as the Settlement Administrator, to administer the settlement, including, but not limited to, mailing by first class mail the Class Notice to all Class Members at their respective addresses as derived from the Accessible Contact Information within twenty (20) days from the date of said order; .

c) No later than twenty (20) business days after the date upon which the Court enters the Conditional Order, the Defendants shall provide the Settlement Administrator with the class list in computerized form usable without manual entry;

d) No later than thirty (30) days after the date upon which the Court enters the Conditional Order, the Settlement Administrator shall mail Notice by first class mail to the Class Members with Accessible Contact Information;

e) Not less than _____ days prior to the Fairness Hearing, Defendant's Counsel shall file with the Court an affidavit or declaration (if applicable, from the Settlement Administrator) stating that the mailings have been completed in accordance with the terms of this Conditional Order.

7) <u>Fairness Hearing</u>.  A Fairness Hearing will be held at _____ a.m./p.m. on _____, 2013 at the U.S. District Court, Eastern District of New York, Courtroom ____, 225 Cadman Plaza East, Brooklyn, NY 11201, at which time the Court will determine whether the Certification of a Class for Settlement Purposes and Settlement of the Action should be finally approved as fair, reasonable, and adequate and whether the Final Judgment and Order

3

of Dismissal with Prejudice (the "Judgment") should be entered. The Court may adjourn or continue the Fairness Hearing without further notice to the Class.

8) <u>Filing of a Claim.</u> Any Class Member who wishes to receive his or her *pro rata* share of the Settlement Amount must fill out and return a Claim Form, which will be included with the Class Notice. To be timely, a Claim Form must be sent to the Administrator and be post-marked no later than _____. Any Class Member who does not file a valid and timely Claim Form will not be entitled to share in the Settlement Amount.

9) <u>Exclusion from the Class.</u> Any Class Member may seek to be excluded from the Settlement. Any Class Member so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent in writing the Court, Class Counsel and Defendants' Counsel and be post-marked no later than _____. To be effective, the request for exclusion must make clear that exclusion is sought by stating words to the effect: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN TITO V. RUBIN & ROTHMAN, LLC, ET AL." The request for exclusion must contain the excluded Class Member's name, address and signature. Any Class Member who does not file a valid and timely request for exclusion will be bound by the Final Judgment and Order of Dismissal dismissing with prejudice all claims filed by the Class Members which were alleged in the Action, and releasing all known and unknown claims which are alleged or which could have been or might have been alleged in the Action as further defined in the Release set forth in the Settlement Agreement.

10) <u>Objections.</u> Any Class Member who objects to the Settlement contemplated by this Agreement shall have a right to appear and be heard at the Fairness Hearing provided that such Class Member files with the Court and sends to the Class Counsel and Defendant's

4

Counsel a written notice of objection together with a statement of reasons for the objection, postmarked no later than _____. Class Counsel and Defendant's Counsel may, but need not, respond to the any such objection. The manner in which a notice of objection should be prepared, filed and delivered shall be stated in detail in the Notice. Only Class Members who have filed and delivered a valid and timely written notice of objection will be entitled to be heard at the Fairness Hearing, unless the Court orders otherwise. Any Class Member who does not assert his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or award of Attorneys' Fees to Class Counsel, unless otherwise ordered by the Court.

11) <u>Defendants' Denial of Liability</u>. The Court notes that the Defendant denies any liability to Plaintiffs or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, the Defendants consider it desirable that the Action be dismissed and that the claims against the Defendants be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against the Defendants arising from the acts, transactions or occurrences alleged in the Action.

12) <u>Effect of Settlement Agreement</u>. If the above Settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Settlement Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached. This Order shall become null and void if: (i) the proposed Settlement is not finally approved by the Court; (ii) the proposed Settlement is terminated in accordance

with the Agreement or does not become effective under the terms of the Agreement or for any other reason; or (iii) the Final Judgment is not entered for any reason. In such event, the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties; there shall be no consent to certification of a class and all objections with respect thereto shall be maintained; and the Settlement Agreement shall not be used in the Action or in any other proceeding for any purpose. Pursuant to the Settlement Stipulation between the Parties, Defendants may withdraw from this settlement if more than 15% of the class members opt out prior to the final approval hearing. This right may be exercised by notice given not later than five days prior to the final approval hearing.

13) <u>Extension of Deadlines</u>.  The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

14) <u>Deadline for Opt-Outs</u>.  To be legally effective, all requests for exclusion described above, must be received on or before _____.

15) <u>Deadline for Objections</u>.  Class Member Objections, as described in above, must be delivered to Class Counsel and Defendant's Counsel and filed with the Court on or before _____.  Objections not filed and served in a timely manner shall be deemed waived.

SO ORDERED:

_____

6