# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

GINA TITO,
on behalf of herself and
all others similarly situated,

                        Plaintiff

v.

RUBIN & ROTHMAN, LLC and
KEITH ROTHMAN, ESQ.

                        Defendants.
-------------------------------------------------------x

      **12-cv-3464**

      **Hon. Roslynn R. Mauskopf**

      **Hon. Joan Azrack**

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

TO:   All persons who have been sued in a consumer collection action commenced in New York between July 12, 2011 and _____ *[date of preliminary approval]* in which the defendant **Rubin & Rothman, LLC** represented **TD Auto Finance, LLC** and filed a complaint with a court containing the statement that "[p]laintiff is not required to be licensed by the NYC Dept of Consumer Affairs because it is a passive debt buyer or the original creditor."

You are being sent this notice because you appear to be a member of the class of persons affected by this lawsuit.  It is believed that the class consists of 561 persons. This notice explains the nature of the lawsuit and the terms of the settlement, and informs you of your legal rights and obligations.

## *PLEASE READ THIS NOTICE CAREFULLY.*
## *THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU. YOU ARE ENTILED TO RECEIVE A FINANCIAL   BENEFIT IF THE COURT APPROVES THIS SETTLEMENT*

## WHAT THIS CASE IS ABOUT

Gina Tito ("Plaintiff"), filed a class action lawsuit against Rubin & Rothman, LLC ("R&R") and Keith Rothman, Esq. ("Rothman") in the United

States District Court for the Eastern District of New York ("federal class action") under the name *Tito v. Rubin & Rothman, LLC et al.*, Index Number 12 CIV 3464 in which Plaintiff asserted class claims against the defendants for alleged violations of the Fair Debt Collection Practices Act and New York's Judiciary Law.

The class action was brought on behalf or and for the benefit of persons who were sued in a collection lawsuit commenced in New York between July 12, 2011and _____ *[date of preliminary approval]* in which R&R represented TD Auto Finance and filed a state court complaint containing the statement that "[p]laintiff is not required to be licensed by the NYC Dept of Consumer Affairs because it is a passive debt buyer or the original creditor."

The federal class action complaint alleges that the above statement is false and that it violates a Federal law known as the Fair Debt Collection Practices Act which prohibits false, misleading and deceptive debt collection practices and confers certain other rights on consumers. The lawsuit also alleges that the statement violates New York's Judiciary Law, which prohibits knowingly false representations in sworn pleadings and confers certain rights on those damaged by the false representations.

Finally, Plaintiff alleged that the statement that the New York Department of Consumer Affairs does not require passive debt buyers to be licensed is false, deceptive and misleading.

The specific FDCPA provisions alleged to be violated are as follows:

Specifically and without limitation, Defendants violated the FDCPA by:

a.      Filing a deceptive Complaint with the Court which falsely states that "[TD Auto Finance] is not required to be licensed by the NYC Dept of Consumer Affairs because it is a passive debt buyer or the original creditor" in violation of §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(10), and 1692f

b.      Filing a Complaint with the Court that was deceptive and misleading in it was signed by an attorney but was not actually meaningfully reviewed by an attorney, in violation of §§1692e, 1692e(3), 1692e(5), 1692e(10), and 1692f;

Each of the defendants has denied liability and asserted defenses to the lawsuit. The Court has not made any decision about the merits of the lawsuit.

The parties have negotiated a proposed settlement. On [Date], Judge Roslynn R. Mauskopf (i) determined that this action should proceed as a class action, for purposes of settlement only, with plaintiff as the representative of the class, and (ii) granted preliminary approval of the settlement, subject to a fairness hearing which will take place at [Time] on [Date], at [Address] and (iii) awarded the plaintiff attorney's fees in the amount of $_____ to be paid by the defendants upon final approval of the settlement.

<u>IN ORDER TO OBTAIN THE BENEFITS OF THIS SETTLEMENT, YOU MUST FILE A CLAIM FORM, AS DESCRIBED BELOW.</u>

## NO ADMISSION OF LIABILITY

By settling this lawsuit, defendants are not admitting that they have done anything wrong.

## THE PROPOSED SETTLEMENT

THE PARTIES HAVE AGREED TO THE SETTLEMENT DESCRIBED BELOW. IN ORDER TO RECEIVE THE FINANCIAL BENEFIT OF THIS SETTLEMENT, YOU MUST FILE A CLAIM FORM WITHIN THE TIME LIMIT DESCRIBED BELOW. IF THE SETTLEMENT IS FINALLY APPROVED, YOU WILL AUTOMATICALLY RECEIVE THE FINANCIAL BENEFIT DESCRIBED BELOW.

The attorneys for the class believe that this settlement is fair, reasonable, and in the best interests of the class.

The parties have agreed to, and jointly propose, the following settlement:

Defendants will establish a Settlement Fund for the class of 561 people totaling $23,333.33. Defendants will pay this amount to class members who submit a claim form, on a *pro rata* basis.  Thus, if all 561 class members return the claim form they will each receive a check in the amount of $37.13 ($20,833.33 divided by 561) However, if fewer than 561 class members return the claim form the

3

payments to each class member will be higher, up to a maximum payment of $1000.00.

Class Counsel is satisfied, after examination of the certified financial statements of Rubin & Rothman, LLC that the defendant's net worth as of 12/31/10 was approximately $2,500,000 (Two million five hundred thousand dollars). Counsel for Defendants has represented that the net worth of the firm at the end of 2012 was significantly less than this amount. Based on this representation, it appears that the total damages being recovered are greater than 1% of the net worth of Rubin & Rothman, LLC. Because the Fair Debt Collection Practices Act places a limitation of 1% of a Defendant's net worth as the maximum amount that could be awarded after trial in a class action, class members will benefit in accepting this settlement.

In addition, the Court has approved an award of attorney's fees to the plaintiff's attorneys in the amount of $_____. And, the Defendants have agreed to pay the cost of the services of a Settlement Administrator, the cost of mailing this notice to Class Members, and the cost of mailing checks to those who file a claim form. None of these payments will be taken from the Settlement Fund to be paid to the class members.

Finally, Ms. Tito, the named Plaintiff, will receive $2,500.00, with $1,000 to be designated as FDCPA statutory damages and $1,500 be designated as compensation for her services as named plaintiff.

The $20,833.33 being paid to the class members shall be distributed evenly among those who submit a claim form, with a maximum payment of $1,000.00 per class member. In the event this distribution does not account for the full $20,833.33, any remaining funds will be distributed to the National Consumer Law Center, a not-for-profit organization concerned with rights of consumers.

By participating in the class action, class members will waive any future right to bring action against the defendants herein regarding misstatements contained in the Court documents defendants filed on behalf of TD Auto Finance and will waive the right to bring an affirmative lawsuit against TD Auto Finance, if that affirmative lawsuit would be based upon the identical facts laid out in this action. Class Members will retain all defenses in the State Court actions in which TD Auto Finance sued them, including raising as defenses in the State Court Actions any of the facts described in this action. This Class Notice to Class Members will, in many cases alert the Class Members to the fact that a default

judgment was obtained against them; for other Class Members who are still actively defending their cases in state court, the information in the class notice may assist them in their defense.

## VALUE OF THE SETTLEMENT

The Fair Debt Collection Practices Act provides that in a class action in which the plaintiff establishes a violation (i) the named plaintiff recovers the same amount as he or she would recover in an individual action, and (ii) the class recovers a statutory penalty not exceeding $500,000 or 1% of the net worth of the defendants, whichever is *less*. The amount of the statutory award is set by the Court depending on the seriousness of the violation, the harm caused, and the defendant's record of compliance with the Act. In addition, the class may recover any actual damages which resulted from a violation.

In an individual case, the Fair Debt Collection Practices Act provides that the plaintiff may recover a statutory penalty of up to $1,000 per FDCPA lawsuit, regardless of the number of FDCPA violates alleged by the consumer in that lawsuit. The amount of the statutory award is set by the Court, not to exceed $1,000 depending on the seriousness of the violation, the harm caused, and the defendant's record of compliance with the Act. In addition, the individual may recover any actual damages which resulted from a violation.

In either an individual or a class action, the defendant may also be required to pay attorney's fees.

Because the amount of the statutory penalty is set by the Court, an individual with a claim under the Fair Debt Collection Practices Act cannot be assured of any particular amount of recovery in either an individual or a class action. Even if the Court were to find that a violation was committed (which defendants deny), the Court may assess a statutory penalty in any amount between $1 and the maximum of $1,000.

The *maximum* possible statutory damage award that can be recovered in an individual action under the FDCPA is $1,000.00 . The *maximum* possible statutory damage award in a class action is limited to 1% of the defendants' net worth. Because the settlement amount is greater than 1% of the net worth of Rubin & Rothman, class members will obtain the maximum possible recover against R&R. Although it is possible that all of the approximately 561 class members respond to this notice and file a claim form, thus causing each class member to receive $37.13

($20,833.33 divided by 561), it is more likely that some significant number of class members will not respond, causing the $20,833.33 to be divided among a smaller group of consumers. Again, this is the statutory *maximum*, and there is no assurance that if the case did not settle and instead went to trial (i) the Court would agree with the plaintiff's position as to the computation of the defendants' net worth or (ii) the Court would award the maximum statutory penalty.

There would be challenging issues of proof of actual damages as a result of the false, misleading and deceptive debt collection practices and the knowingly false representations in sworn pleadings.

## BENEFITS TO THE CLASS

The attorneys for the class believe that this settlement is fair, reasonable, and in the best interests of the class. Defendants agreed, soon after the filing of suit, to pay the class a substantial settlement. The attorneys for the class believe that it is appropriate to trade the speculative possibility of recovering a larger penalty for the prompt and immediate payment of the amount offered.

Notification of your membership in this class may well benefit you, in that you are not being asked to waive any defenses in any state court lawsuit in which TD Auto Finance, Inc. may be suing you or in which TD Auto Finance, Inc. may have obtained a default judgment against you. The information in this notice may be helpful to you in litigating your individual case.

## RELEASES

EACH CLASS MEMBER WHO FAILS TO EXCLUDE HIMSELF OR HERSELF FROM THE SETTLEMENT WILL GIVE UP ANY RIGHT TO SUE DEFENDANTS OR ANYONE RELATED TO DEFENDANTS, AND THEIR EMPLOYEES AND AGENTS, FOR ALL CLAIMS BASED ON THE FALSE REPRESENTATIONS MADE TO YOU IN THE CONSUMER COLLECTION ACTION AGAINST YOU, COMMENCED IN NEW YORK BETWEEN JULY 12, 2012 AND _____ *[date of preliminary approval]* IN WHICH R&R REPRESENTED TD AUTO FINANCE.

EACH CLASS MEMBER WHO FAILS TO EXCLUDE HIMSELF OR HERSELF FROM THE SETTLEMENT WILL ALSO GIVE UP ANY RIGHT TO SUE TD AUTO FINANCE FOR CLAIMS BASED ON FACTS IDENTICAL TO THOSE DESCRIBED HERE. HOWEVER, ANY CLASS MEMBER WILL

RETAIN THE RIGHT TO SUE TD AUTO FINANCE FOR ANY OTHER CLAIMS. ADDITIONALLY NO CLASS MEMBER IS GIVING UP ANY DEFENSES AGAINST TD AUTO FINANCE, EVEN IF THOSE DEFENSES ARE BASED ON FACTS IDENTICAL TO THOSE DESCRIBED HERE.

This notice is only a summary of the terms of the settlement. You may inspect the entire settlement agreement.

## WHAT ARE YOUR OPTIONS?

If you are a member of the class, you have the following options:

--file a claim, as described below;
--object to or comment on the proposed settlement, as described below;
--exclude yourself from the class, as described below;

WARNING: If you wish to object to or comment on the proposed settlement, you must additionally file a claim form, if you wish to receive a financial benefit from the settlement. If you file only an objection or comment without filing a claim form, you will not be able to share in any settlement the court may approve.

For any of these options, you may, but are not required to, consult an attorney to advise you. The following explains the consequences of each option.

## WHAT YOU SHOULD DO NOW

IN ORDER TO RECEIVE THE BENEFITS TO WHICH YOU ARE ENTITLED UNDER THE SETTLEMENT AGREEMENT OUTLINED ABOVE, YOU MUST FILE A CLAIM FORM, WHICH IS THE GREEN FORM INCLUDED IN THIS MAILING. YOU SHOULD KEEP A COPY FOR YOUR RECORDS AND MAIL THE FORM TO THE ADMINISTRATOR, AS THE FORM EXPLAINS. You will not automatically receive money—**you must file a claim form by _____ [DATE] to be entitled to a portion of the settlement fund.** If you are entitled to money and if you file a claim form, you will receive a settlement check after final approval of the settlement. However, if you wish, you may consult with an attorney (at your expense), exclude yourself from the case, or file objections, as described above. You also have the right to file an appearance in the case if you wish.

7

You have the *right to exclude yourself* from both the class action and the settlement by filing a request for exclusion with the Clerk of the District Court at The United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201 and serving copies of the request on the lawyers listed below, under "Attorneys to be Notified." The request for exclusion must be *received by the Clerk of the Court* on or before _____, and refer to the name and number of the case. Unless you plan to bring this claim on an individual basis, there is no benefit to excluding yourself. To be effective, the request for exclusion must make clear that exclusion is sought by stating words to the effect: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN TITO V. RUBIN & ROTHMAN, LLC, ET AL." The request for exclusion must contain the excluded Class Member's name, address and signature.

*If you object to the settlement, but do not wish to exclude yourself from the class action*, you must submit your objection in writing to the Clerk of the District Court at The United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201 . *The objection must be received by the Clerk of the Court on or before*_____. You must also serve copies on the attorneys listed under "Attorneys to be Notified," below, by the same date. Any objection must include the name and number of the case and a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interests of the classes. If you do file an objection and wish it to be considered, *you must also appear* at the hearing before Judge Mauskopf on _____. Please note that it is not sufficient to simply state that you object. You must state reasons why the settlement should not be approved.

## ATTORNEYS TO BE NOTIFIED

If you wish to exclude yourself from the class action and the settlement or if you wish to object to the settlement, you must notify these attorneys:

> Schlanger & Schlanger, LLP
> Co-Counsel for Plaintiff
> 9 East 40th Street, Suite 1300
> New York, NY 10016
>
> Robert L Arleo
> Counsel for Defendants
> 380 Lexington Ave., 17th Floor

8

New York, NY 10168

In addition, you must notify the Clerk of the Court, at

The United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

IMPORTANT: THE COURT REQUIRES THAT ANY REQUESTS FOR
EXCLUSION OR OBJECTIONS BE *RECEIVED* BY THE CLERK
BY_____. IF YOU MAIL A REQUEST FOR EXCLUSION OR
OBJECTION, YOU BEAR THE RISK OF ANY PROBLEM WITH THE MAILS.

If the settlement is not approved, the case will proceed as if no settlement
has been attempted.  In that event,  Defendants retain the rights to contest whether
this case should be maintained as a class action and the merits. There can be no
assurance that if the settlement is not approved, the class will recover more than is
provided in this settlement, or indeed anything.

This description of the case is general and does not cover all of the issues
and proceedings thus far. You can obtain additional information about this lawsuit
by contacting Class Counsel Schlanger & Schlanger, LLP at 1-914-946-1981.  You
may also inspect the Court file. In order to see the complete file, you should visit
the office of the Clerk of the District Court at The United States District Court,
Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. The
Clerk will make the file relating to this lawsuit available to you for inspection and
copying at your own expense.

## CORRECT ADDRESS

If this notice was forwarded by the Postal Service, or if it was otherwise sent
to you at an address which is not your current address, you should *immediately*
send a letter to the class administrator named below stating your past and current
addresses.

GARDEN CITY GROUP, INC.
1985 Marcus Avenue, Ste 200
Lake Success, NY 11042
1-800-327-3664

9

If the class member has died letter should be sent to the lawyers named above explaining who is entitled to the payment and including any supporting documentation.

## ATTORNEY'S FEES AND COSTS

As part of the settlement, the attorneys for the class will receive their reasonable attorney's fees and costs in addition to the monies to be paid out to those class members that file a claim form. These fees and costs will be paid by Defendants, but will not be paid from the Settlement Fund. The parties have not agreed upon a fixed amount for these fees and costs, but rather have agreed that these amounts will be determined by the Court.

The Defendants will, in addition, bear all costs of class administration, including cost of the services of a Settlement Administrator, the cost of mailing this notice to Class Members, and the cost of mailing checks to those who file a claim form.

## FAIRNESS HEARING

At [Time] on [Date], a hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement. The hearing will take place before Judge Roslynn R. Mauskopf at The United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201.

IF YOU ARE A DEBTOR IN A CHAPTER 13 OR CHAPTER 7 BANKRUPTCY PROCEEDING THAT WAS FILED AFTER YOU WERE SUED IN STATE COURT BY TD AUTO FINANCE, SEND A COPY OF THIS NOTICE TO YOUR BANKRUPTCY ATTORNEY.

DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR TO THE JUDGE. THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS.

ADDRESS ALL QUESTIONS TO

Schlanger & Schlanger, LLP
9 East 40th Street, Suite 1300
New York, NY 10016
914-946-1981
info@schlangerlegal.com