**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

GINA TITO,
on behalf of herself and
all others similarly situated,

                               Plaintiff,

v.

RUBIN & ROTHMAN, LLC and
KEITH ROTHMAN, ESQ.

                               Defendants.

12-cv-3464

**Hon. Roslynn R. Mauskopf**

**Hon. Joan Azrack**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS

June 5, 2013
New York, New York

Daniel A. Schlanger, Esq.
Elizabeth Shollenberger, Esq.
9 East 40th Street, Suite 1300
New York, New York 10016
Tel: (914) 946-1981, ext. 101
Fax: (914) 946-2930
daniel.schlanger@schlangerlegal.com
elizabeth.shollenberger@schlangerlegal.com

James B. Fishman, Esq.
Fishman & Mallon, LLP
305 Broadway, Suite 900
New York, NY 10007
Ph: 212-897-5840
Fx: 212-897-5841
jfishman@fmlawoffices.net

*ATTORNEYS FOR PLAINTIFF*

# TABLE OF CONTENTS

I.   THE FACTS UNDERLYING THE ACTION ................................................... 1

II.   LEGAL STANDARD ............................................................................. 3

III.   PLAINTIFF WAS SUCCESSFUL IN THIS ACTION ................................ 3

IV.   PLAINTIFF'S COUNSEL'S HOURLY RATES ARE REASONABLE ..................... 5

V.   THE NUMBER OF HOURS SPENT ON THIS CASE BY PLAINTIFF'S COUNSEL

WAS REASONABLE ......................................................................... 7

VI.   PLAINTIFF SEEKS ATTORNEYS FEES FOR THE TIME AND EXPENSES

ASSOCIATED WITH THIS MOTION AND WITH FINALIZING THE RESOLUTION

OF THIS CASE .................................................................................. 8

CONCLUSION ....................................................................................... 10

The parties to this the proposed class action lawsuit, commenced under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") and New York's Judiciary Law § 487, have reached a settlement, subject to the approval of the Court.  As a part of that settlement it was agreed that the Plaintiff would submit the issue of attorneys' fees to the Court for its consideration.  Class Action Settlement Agreement, filed on 5/21/13 as Exhibit 1 to Plaintiff's Memorandum of Law in Support of Joint Motion for Preliminary Approval of Class Action (ECF Doc. 21), at ¶ (C)(4).  Plaintiff therefore submits this memorandum of law in support of her motion for an award of reasonable attorneys' fees and costs in this action.

## I.    THE FACTS UNDERLYING THE ACTION

This case concerns allegations that the Defendants, the collection law firm of Rubin & Rothman, LLC, and firm principal Keith Rothman violated the FDCPA and New York's Judiciary Law in the manner in which they litigated consumer collection actions in various state courts on behalf of TD Auto Finance, LLC ("TDAF"). The form complaint filed by Rubin & Rothman, LLC in state court collection actions against the class members contained the statement that "[p]laintiff is not required to be licensed by the NYC Dept of Consumer Affairs because it is a passive debt buyer or the original creditor."  Complaint at ¶ 26.

Plaintiff alleges that these statements are false and deceptive in that TDAF is neither a passive debt buyer nor the original creditor in the subject transactions. The Complaint further alleges that the statement is false because "passive debt buyers" are, in fact, required to be licensed by the NYC Department of Consumer Affairs. Id. at ¶29-31.

Plaintiff alleges that the above referenced misstatements violated §§ 1692e, 1692e (2)(A), 1692e(3), 1692e(10) and 1692f. Id. at ¶ 57(a).[1]  Plaintiff also alleges that Defendants violated

---

[1] Plaintiff alleges that these misstatements were particularly misleading and material with regard to TDAF's standing in the underlying state court collection actions, inasmuch as:

the FDCPA in that the state court complaints filed on behalf of TDAF were "deceptive and misleading in that they were signed by an attorney but were not in fact meaningfully reviewed by an attorney, in violation of §§1692e, 1692e(3), 1692e(5), 1692e(10), and 1692f". Id. at ¶57(b).

The Complaint also alleges that Defendants violated Judiciary Law § 487, because the false statement identified above were set forth in sworn pleadings as a routine and recurring part of Defendant R&R's practice in order to increase its profits, inter alia, by "hiding from the Court and consumers the existence of potentially significant defenses." Id. at ¶ 65.

Defendants have represented that there are 561 class members.

The proposed settlement provides for monetary relief to the class of $20,833 plus a payment of $2,500 to Ms. Tito, the named plaintiff (of which $1,000 is to be denominated FDCPA statutory damages, and  the balance categorized as compensation for acting as Class Representative).  Settlement Agreement at ¶(C)(1)(A).

The funds payable to the class are to be made on a pro-rata basis among class members who timely file a claim, with recovery per class member capped at $1,000.  Id.  Any remainder funds are to be paid to the National Consumer Law Center, as *cy pres*.  Id. at ¶(C)(3).  All costs of notice to the class and settlement administration are to be paid by Defendants.  Id. at ¶(C)(2).

---

- "[T]he auto finance loans underlying the lawsuits brought by R&R, have been pooled into securitized trusts and, pursuant to the relevant trust agreements, pass through a complex web of entities, making the chain of title and TD Auto Finance LLC's standing very real concerns" Id. at ¶ 35.

- "[T]D Auto Finance transfers its ownership interest in the retail installment contracts purportedly assigned to it by auto dealers into a trust, and the trust then hires TD Auto Finance to service the loan." Id.at ¶ 36; and

- "[B]y falsely identifying TD Auto Finance as the "original creditor" or as a "passive debt buyer" R&R hides the complex structure of these transactions and thus avoids Courts and consumers from inquiring into a range of issues (assignment, standing, correct identification of the actual creditor vs. the servicer, etc.) that, in litigation involving residential foreclosures, has proved famously vexing for the banking industry." Id. at ¶ 37.

## II.    LEGAL STANDARD

The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, provides that any debt collector who fails to comply with its provisions is liable "in the case of any successful action. . .[for] the costs of the action, together with reasonable attorneys' fees as determined by by the court." 15 U.S.C. § 1692k(a)(3).  "Given the structure of the section. . .the Act mandates fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." Gonzalez v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991). The Second Circuit has determined that an award of costs and reasonable attorneys fees is mandatory where the plaintiff has established a violation under the law.  Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 28 (2d Cir. 1989); Emanuel v. American Credit Exch., 870 F.2d 805, 809 (2d Cir. 1989).

The amount of a reasonable fee will, absent extraordinary circumstances, be the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate (i.e., the "lodestar" method).  The Second Circuit has adopted the lodestar approach. Millea v. Metro-North Railroad Co., 658 F.3d 154, 167 (2d Cir. 2011). The Supreme Court recently gave its imprimatur to the "lodestar" method, saying that the lodestar, "as its name suggests, [has] become the guiding light of our fee-shifting jurisprudence." Perdue v. Kenny A., 559 U.S. 542 (U.S. 2010).  Indeed, in Purdue, the Supreme Court described the lodestar method as "readily administrable" and "objective" and found that "there is a 'strong presumption' that the lodestar figure is reasonable." Id.

## III.    PLAINTIFF WAS SUCCESSFUL IN THIS ACTION

The Defendants have agreed to pay $23,333 in settlement of this action, plus the cost of sending notice to Class Members, the cost of distributing settlement checks to Class Members,

all other costs of administering the settlement, and attorneys' fees as determined by the Court. Clearly, plaintiff is the prevailing party in this FDCPA action and is thus entitled to attorneys' fees under 15 U.S.C 1692k.

As detailed in the time records submitted herewith and in the declarations attached to the instant motion, plaintiff seeks attorney's fees expenses and costs as follows:

| SCHLANGER & SCHLANGER LLP | | | |
|---|---|---|---|
| Staff | Hours | Hourly Rate | Totals |
| Daniel A Schlanger | 14.40 | $340 | $4,896.00 |
| Daniel A Schlanger | 46.80 | $350 | $16,380.00 |
| Elizabeth Shollenberger | 10.70 | $400 | $4,280.00 |
| Peter Lane | 6.70 | $300 | $2,010.00 |
| Non-attorney staff | 4.40 | $100 | $440.00 |
| Time estimated for reply, fairness hearing and final resolution. | 28 | $350 | $9800.00 |
| FISHMAN & MALLON, LLP | | | |
| Staff | Hours | Hourly Rate | Totals |
| James Fishman | 10.85 | $550 | $5,967.50 |
| Total amount requested for all attorney time | | | 43,773.50 |

| SCHLANGER & SCHLANGER LLP COSTS ||
|---|---|
| **Item** | **Cost** |
| EDNY Filing Fees | $350.00 |
| USPS Postage Expense | $.45 |
| LexisNexis Research Services | $140.33 |
| PACER Court Records | $1.80 |
| Total expenses | $492.58 |

## IV.   PLAINTIFF'S COUNSEL'S HOURLY RATES ARE REASONABLE

The hourly rates requested herein are reasonable and comport with the prevailing rates in the community for lawyers with reasonably comparable skills, experience, and reputation. This standard for judging fees has been adopted by the Second Circuit. Cruz v. Local Union No. 3, 34 F.3d. 1148 (2d Cir. 1994).

Here, the fees sought by plaintiff range from $300/hr. for an attorney with five years' experience to $400/hr for an attorney with over 30 years of experience. These rates are reasonable in comparison to the rates charged by attorneys with similar experiences and qualifications who practice in the federal courts in the Eastern District of New York.

Courts within the Eastern District of New York have regularly awarded attorneys' fees within the range plaintiff seeks herein. For example, in the context of FDCPA cases, in Rodriguez v. Pressler & Pressler, LLP, 2009 U.S. Dist. LEXIS 20655 (E.D.N.Y. Mar. 12, 2009), an hourly rate of $300 for an attorney with 4 years' experience and $450 for an attorney with 17

years' experience were found within the reasonable range for FDCPA cases in the Eastern District of New York. [2]

Furthermore, "the Court is required to award attorney's fees at the current rate, not a historical one." Whitney v. JetBlue Airways Corp., 2009 U.S. Dist. LEXIS 118323 (E.D.N.Y. Oct. 30, 2009), citing Lochren v. County of Suffolk, No. 08 CV 2723, 344 Fed. Appx. 706, 2009 U.S. App. LEXIS 19814, 2009 WL 2778431 (2d Cir. Sept. 3, 2009). As the court noted in Tokyo Electron Arizona, Inc. v. Discreet Indus. Corp., 215 F.R.D. 60 (E.D.N.Y. 2003), "when reviewing case law that comments on prevailing market rates, a court must take into account the rapidity with which such rates can rise. Thus, a case decided even as recently as 2000 [three years before that decision was rendered] could be out of date as far as the rates are concerned."

---

[2] Another method of calculating fees is to look at what the U.S. Government pays in attorneys' fees. The Civil Division of the United States Attorneys' Office in the District of Columbia prepares a matrix of hourly rates for attorneys of varying experience levels. The matrix is intended to be used in cases in which a fee shifting statute permits the prevailing party to recover attorneys fees. The matrix is based on the hourly rates allowed in Laffey v. Northwest Airlines, Inc. , 572 F. Supp. 354 (D.D.C. 1983) aff'd in part, rev'd in part on other grounds, 746 F.2d 4 (D.C. Cir. 1984) and is commonly referred to as the "Laffey matrix." The rates in that case were for work done primarily in 1981 and 1982. The rates are adjusted to reflect increases to the annual cost of living. The use of the Laffey matrix in setting fees in fee-shifting cases was endorsed by the Court of Appeals in Save Our Cumberland Moutains v. Hodel, 857 F.2d 1516 (D.C. Cir. 1988)(en banc) and in various district court opinions (e.g., Salazar v. Dist. Of Columbia, 123 F.Supp 2d 8 (D.D.C. 2000)) for use in setting fees.
   The entire Laffey matrix can be viewed at www.justice.gov/usao/dc/divisions/civil_jaffey_matrix.8.html. The most recent years are set forth here.

Years out of law school for lawyers

| Year legal services done | Para-Legal | 1-3 | 4-7 | 8-10 | 11-19 | 20 |
|---|---|---|---|---|---|---|
| 6/1/12 through 5/31/13 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/1/11 through 5/31/12 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/1/10 through 5/31/11 | $161 | $294 | $361 | $522 | $589 | $700 |

The fees sought by plaintiffs herein are substantially lower than the levels provided for in the Laffey matrix.

Id. at 63 (awarding rates *a decade ago* in 2003 of $400 per hour for partners in a case brought in Suffolk County).

The hourly rates sought herein also comport with the hourly rates that federal courts in this district and elsewhere have awarded the instant Plaintiff's attorneys in other matters, as is set forth in the accompanying declarations. See, e.g., Massey v. On-Site Manager, Inc. 11-CV-02612(EDNY)(BMC)(Eastern District of New York approving attorney James Fishman's rates at $550/hr in an Fair Credit Reporting Act class action); White v. First American Registry, Inc., 04-CV-1611 (SDNY)(LAK)( Southern District of New York approving attorney James Fishman's rates at $550/hr in a Fair Credit Reporting Act class action litigated from 2004 through 2007); Healy v. Enterprise Recovery Systems, 11-CV-3295 (S.D.N.Y. 2011) (White Plains)(approving attorney Daniel A. Schlanger, Esq. at a rate of $300/hour for work performed in 2011); Hernandez v. Eltman, Eltman & Cooper, et al., SACV 10-01695 AG (RNBx) (C.D.Ca. 2011)(approving attorney Daniel A. Schlanger for work performed predominantly in 2011, at a rate of $300/hour).

Moreover, the rates sought by counsel herein are the "reasonable hourly rate[s] that a "reasonable, paying client would be willing to pay," Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 187 (2d Cir. 2007). As set forth in the attached declarations of counsel, the rates sought herein are, in fact, the rates regularly charged to clients who retain them by the hour to resolve consumer law and other disputes.

The hourly rates sought herein are reasonable.

## V.    THE NUMBER OF HOURS SPENT ON THIS CASE BY PLAINTIFF'S COUNSEL WAS REASONABLE

Plaintiff's counsel does not seek compensation for unnecessary work, nor did counsel spend unreasonable amounts of time on the tasks performed. Rather, as counsel's declarations

and time records demonstrate, counsel provided plaintiff and the plaintiff class with effective and professional representation that resulted in a fair and equitable settlement.

Moreover, as detailed in the Declaration of Daniel A. Schlanger, Esq., counsel for Plaintiff has – as a matter of billing judgment – not sought compensation for approximately 20 hours of work performed on the instant case that represented non-optimal efficiency, duplication of effort, or was otherwise, in counsel's view, not properly billable.  Declaration of Daniel A. Schlanger, dated 6/5/13, at ¶19.

## VI.   PLAINTIFF SEEKS ATTORNEYS FEES FOR THE TIME AND EXPENSES ASSOCIATED WITH THIS MOTION AND WITH FINALIZING THE RESOLUTION OF THIS CASE

"In statutory fee cases, federal courts . . .  have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." In re Nucorp Energy, 764 F.2d 655, 660 (9th Cir. 1985)  Continuing, the Court stated, "[w]e reasoned that time spent litigating the proper amount of a fee award should be compensable because 'it would be inconsistent with the purpose of the [act] to dilute a fees award by refusing to compensate the attorney for the time reasonably spent in establishing and negotiating his rightful claim to the fee." Id. at 660 (quoting Lund v. Affleck, 587 F.2d 75, 77 (1st Cir. 1978)).

The Second Circuit, in Gagne v. Maher, 594 F.2d 336 (2d Cir. 1979), aff'd, 448 U.S. 122 (1980) offers a ringing endorsement of this view:

> [W]e believe there are strong reasons for adopting the approach of the First and Third Circuits. We agree with   Judge Garth's statement in Prandini [v. National Tea Co., 585 F.2d 47, 52-53 (3d Cir. 1978)]   that an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended on the case will be correspondingly decreased. . . . Such a result would not comport with the purpose behind most statutory fee authorizations, Viz, the encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating congressional policies. In a decision upon which Lund v. Affleck, supra, relied, the First Circuit pointed out that "(t)o hold otherwise would permit a deep pocket losing party to dissipate the

incentive provided by an award through recalcitrance and automatic appeals." <u>Souza v. Southworth</u>, 564 F.2d 609, 614 (1st Cir. 1977).

<u>Id</u>. at 343  <u>See also</u>, <u>Johnson v. Mississippi</u>, 606 F.2d 635, 637-38 (5th Cir. 1979); <u>Bagby v. Beal</u>, 606 F.2d 411, 415-16 (3d Cir. 1979); <u>Weisenberger v. Huecker</u>, 593 F.2d 49, 53-54 (6th Cir.), cert. denied, 444 U.S. 880, (1979); <u>Hairston v. R & R Apartments</u>, 510 F.2d 1090 (7th Cir. 1975). <u>Accord</u>,  <u>Torres v. Sachs</u>, 69 F.R.D. 343, 348 & n.2 (S.D.N.Y.1975).

For this reason, Plaintiff's submission seeks compensation for time spent preparing the instant motion and supporting papers.  Also, for this reason, Plaintiff seeks compensation for an additional 8 hours of reasonably anticipated time to be spent on its Reply to Defendants' opposition to this motion.  (Should Defendants decide not to oppose the instant motion, Plaintiff would waive its claim to these 8 hours of fees.)

*[rest of page intentionally left blank]*

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reasonable attorney's fees and costs

should be granted in its entirety.

New York, New York
June 6, 2013

                                         Respectfully Submitted,

                                         Daniel A. Schlanger, Esq.
                                         Elizabeth Shollenberger, Esq.
                                         Schlanger & Schlanger, LLP
                                         9 East 40th Street, Suite 1300
                                         New York, New York 10016
                                         Ph: 914-946-1981, ext. 101
                                         Fx: 914-946-2930
                                         daniel.schlanger@schlangerlegal.com

                                         James B. Fishman, Esq.
                                         Fishman & Mallon, LLP
                                         305 Broadway, Suite 900
                                         New York, NY 10007
                                         Ph: 212-897-5840
                                         Fx: 212-897-5841
                                         jfishman@fmlawoffices.net

                                         *Counsel for Plaintiff*