# SCHLANGER & SCHLANGER, LLP
## ATTORNEYS AT LAW

9 EAST 40TH STREET, SUITE 1300
NEW YORK, NEW YORK 10016
TEL: 914-946-1981  FAX: 914-946-2930
DANIEL@SCHLANGERLEGAL.COM
WWW.NEWYORKCONSUMERPROTECTION.COM

MICHAEL SCHLANGER, ESQ.
DANIEL A. SCHLANGER, ESQ.

ELIZABETH SHOLLENBERGER, ESQ.
PETER T. LANE, ESQ.
*ADMITTED IN NY & MA

WESTCHESTER OFFICE
343 MANVILLE ROAD
PLEASANTVILLE, NY 10570

July 23, 2013

**VIA ECF**

Hon. Joan Azrack
United States District Court, E.D.N.Y
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Tito v. Rubin & Rothman, LLC, *et al.*
      Index: 12-cv-03464

Your Honor:

    My firm, along with co-counsel James B. Fishman, Esq. represents Plaintiff in the above-referenced FDCPA class action, which has been referred to Your Honor for all proceedings. As Your Honor is aware, the parties agreed to a proposed settlement on 5/2/13, and as part of that settlement, Plaintiff's fees are to be determined by the Court.

    Plaintiff's reply brief in further support of its fee application is due by the end of today. In light of the number and seriousness of the allegations raised in Defendants' opposition, I have had extreme difficulty bringing Plaintiff's brief within Your Honor's 10-page limit for replies.

    For example, Defendants contend that Plaintiff's counsel is entitled to no compensation at all for work on the instant action, claiming that the action was improperly brought. Defendants have also accused Plaintiff's counsel of fraudulent billing practices, requesting – in their memorandum of law – that Schlanger & Schlanger, LLP attorney Peter Lane be ordered "to appear and show cause why he should not be sanctioned for a clear attempt to double bill in regard to the fee petition submitted herein."

    These are serious allegations that go beyond the typical issues raised on a fee petition. In order to fully rebut them, Plaintiff requests permission to submit a 15-page reply.

    I apologize for not having submitted this request earlier. I underestimated the difficulty of editing Plaintiff's submission down to ten pages and concluded only this morning that there is no way to do so without omitting material arguments.

Respectfully,

Daniel A. Schlanger

cc:    Robert Arleo, Esq.
        James B. Fishman, Esq.