# SCHLANGER & SCHLANGER, LLP
## ATTORNEYS AT LAW

9 EAST 40TH STREET, SUITE 1300
NEW YORK, NEW YORK 10016
TEL: 914-946-1981 FAX: 914-946-2930
DANIEL@SCHLANGERLEGAL.COM
WWW.NEWYORKCONSUMERPROTECTION.COM

MICHAEL SCHLANGER, ESQ.
DANIEL A. SCHLANGER, ESQ.

**WESTCHESTER OFFICE**
343 MANVILLE ROAD
PLEASANTVILLE, NY 10570

ELIZABETH SHOLLENBERGER, ESQ.
PETER T. LANE, ESQ.
*ADMITTED IN NY & MA

July 24, 2013

**VIA ECF**

Hon. Joan Azrack
United States District Court, E.D.N.Y
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:   Tito v. Rubin & Rothman, LLC, et al.
    **Index:** 12-cv-03464

Your Honor:

    My firm, along with co-counsel James B. Fishman, Esq. represents Plaintiff in the above-referenced FDCPA class action, which has been referred to Your Honor for all purposes. I write in opposition to Defendants' request to file a sur-reply with regard to Plaintiff's motion for attorney's fees and costs, which is brought pursuant to the proposed class action settlement between the parties, and 15 U.S.C. § 1692k.[1]

    Defendants claim -- without providing any specifics, examples or supporting authority -- that Plaintiff's reply papers contain "numerous misstatements of fact and law" and that Defendants are entitled to file a surreply on this basis. Pursuant to the relevant caselaw, Defendants' vague and conclusory assertion is plainly insufficient to justify filing of a sur-reply.

    Specifically: "Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." Lacher v. West, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001). Thus, a request to sur-reply is not granted absent a showing of good cause. Id.; Hammes Co. Healthcare, LLC v. Tri-City Healthcare Dist., 801 F. Supp. 2d 1023, 1028 (S.D. Cal. 2011). Specifically, requests sur-reply are properly denied where there the reply "merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new arguments[.]" Calderon v. Experian Info. Solutions, Inc., 2013 U.S. Dist. LEXIS 80695 (D. Idaho June 5, 2013)(quoting Baugh v. City of Milwaukee, 823 F. Supp. 1452, 1457 (E.D. Wis. 1993))(brackets removed from text).

---

[1] Plaintiff's reply papers were submitted yesterday evening at 7:34 PM. ECF # 36. Opposing counsel filed his request to sur-reply at 8:14 AM this morning. ECF #39.

SCHLANGER & SCHLANGER, LLP
    ATTORNEYS AT LAW

      In the instant case, Defendants fail to specify the nature of any of the alleged mistatements, and, critically, do not claim that the reply did anything other than "respond to matters placed in issue by the opposition brief." Id.[2]

      For this reason, Defendants' request to file a sur-reply should be denied in its entirety.

                              Respectfully,

                              Daniel A. Schlanger

cc:    Robert Arleo, Esq.
        James B. Fishman, Esq.

---

[2] Defendants also claim that my previous reference to Defendants' allegations of misconduct as "serious" justifies a sur-reply. Specifically, in requesting permission to file a 15-page reply brief, I noted that Defendants had requested – in the body of their opposition memorandum – that the court compel one of plaintiff's attorneys "to appear and show cause why he should not be sanctioned for a clear attempt to double bill". Def. Opp. at 14. ECF # 32. My letter stated that "[t]hese are serious allegations that go beyond the typical issues raised on a fee petition." ECF # 35. Defendants contention that by making outrageous allegations in opposition a party becomes entitled to file a sur-reply because of the seriousness of those same allegations is circular and absurd.