# SCHLANGER & SCHLANGER, LLP
## ATTORNEYS AT LAW

9 EAST 40TH STREET, SUITE 1300
NEW YORK, NEW YORK 10016
TEL.: 914-946-1981  FAX: 914-946-2930
DANIEL@SCHLANGERLEGAL.COM
WWW.NEWYORKCONSUMERPROTECTION.COM

MICHAEL SCHLANGER, ESQ.
DANIEL A. SCHLANGER, ESQ.

**WESTCHESTER OFFICE**
343 MANVILLE ROAD
PLEASANTVILLE, NY 10570

ELIZABETH SHOLLENBERGER, ESQ.
PETER T. LANE, ESQ.
\*ADMITTED IN NY & MA

November 8, 2013

**VIA ECF**

Hon. Joan Azrack
United States District Court, E.D.N.Y
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>Tito v. Rubin & Rothman, LLC, et al.</u>
    Index: 12-cv-03464

Your Honor:

    My firm, along with co-counsel James B. Fishman, Esq. represents Plaintiff in the above-referenced FDCPA class action, which has been referred to Your Honor for all purposes. Your Honor has preliminarily approved the settlement of this matter (ECF Doc. #43), and Plaintiff's fee petition, submitted pursuant to the Settlement Agreement, is *sub judice*.

    I write to advise the Court of a situation that has arisen with regard to class notification in the above referenced matter. Specifically:

    Pursuant to the Preliminary Order, notice was sent to the class on or before 10/20/13.

    In response to routine telephone inquiries from class members, it came to Plaintiff's counsel's attention that the Claim Form, which (as indicated on the Court-approved template) was supposed to be issued on green paper (in order to distinguish it from the various other forms and documents provided) was printed on white stock, like every other document in the notice packet.

    Plaintiff's counsel contacted the class administrator, Garden City Group, which researched the issue and confirmed that its staff had inadvertently failed to use colored stock for the claim form, as instructed.

    There is an additional issue regarding Notice as well: The Notice states that "If all 561 class members return the claim form, you will receive a check in the amount of $37.13 ($20,833.33 divided by 561)."

**SCHLANGER & SCHLANGER, LLP**
ATTORNEYS AT LAW

However, the class list ultimately provided by Defendants – three business days before the notice mailing deadline – contained only 391 class members, not 561. As a result, the minimum amount a claimant will receive (if every single class member files a claim), is higher than the figure cited in the Notice that went out. Specifically, as a result of the smaller class, the minimum payout to class members is $53.28, not $37.13.

These issues are of particular concern because class participation, to date, is fairly low, with only 26 claim forms having been submitted as of earlier this week, according the administrator. It should be noted in this regard that lower participation will not have any impact on the amount paid by Defendants under the settlement, as unclaimed funds are to be disbursed to a *cy pres* recipient under the terms of the Settlement Agreement.

To their credit, Garden City Group has indicated that it is willing, *at its own expense*, to send out corrected claim packets, including a claim form on colored paper, and including a corrected Class Notice, or in the alternative to send out an errata sheet and additional claim form.

Defendants object vigorously to any corrective mailing, stating in correspondence to Plaintiff's counsel dated yesterday that it views any issues with the notice as "de minimus and inconsequential"; that the Notice's statement about the minimum distribution per class member is "meaningless" as it is unlikely that every class member will file a claim; that any "attempt" by Plaintiff to resend Notice would "constitute patently frivolous conduct done solely to churn further unjustified attorneys fees"; and that the issues raised herein "constitute yet *more* shoddy lawyering" on my and Mr. Fishman's part (*emphasis in original*).

Plaintiff's view is that the Notice issues outlined above are significant enough that counsel has a duty to inform the Court, and that a re-mailing (upon Court approval of any new language sent to the Class) may make sense if it can be done in a way that doesn't cause confusion, particularly in light of the fact that GCG is willing to send an additional mailing at no cost to the parties.

Rather than engage in warring letter briefs on this issue, Plaintiff requests that the Court set a date for a telephone conference regarding the issues set forth above.

Respectfully,

Daniel A. Schlanger

cc: Robert Arleo, Esq.
    James B. Fishman, Esq.
    Perry Carbone (Assistant Director of Operations, Garden City Group)