UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
GINA TITO,
on behalf of herself and
all others similarly situated,

                                                           12-cv-3464

                Plaintiff,

v.                                                 **Hon. Joan Azrack**

RUBIN & ROTHMAN, LLC and
KEITH ROTHMAN, ESQ.

                Defendants.

## FINAL ORDER AND JUDGMENT

This matter comes before the Court on the joint request of Class Representative GINA TITO and a class of persons similarly situated (collectively, "Plaintiffs" or "Class Members"), and RUBIN & ROTHMAN, LLC and KEITH ROTHMAN, ESQ. ("Defendants"), for final approval of the Settlement Agreement, dated May 2, 2013; and Fairness Hearings having been held before the Court January 16, 2014 and January 28, 2014 and due deliberation having been had thereon,

IT IS HEREBY ORDERED AS FOLLOWS:

The total number of Class Members is 391. Notice was sent by first class mail to the 391 Class Members at their last known mailing address. In addition, a supplemental notice, including both an errata sheet and additional claim form was sent to the 391 Class Members at their last known mailing address.

No Class Members requested exclusion from the Settlement. No Class Members objected to the Settlement. 71 Class Members timely filed a Claim Form, in accordance within

the time periods included in the Conditional Approval Order and Notice to the Class; and it is further

HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Definitions. For the purposes of this Judgment and Order of Dismissal (the "Judgment"), the Court adopts by reference the definitions set forth in the Definitions section of the Class Action Settlement Agreement (the "Agreement"), dated as of May 2, 2013, and attached as Exhibit 1 to the parties' Motion for Conditional Approval.

2. Notice. The Court finds that the distribution of the Notice as provided for in the Conditional Approval Order dated September 20, 2013, and distribution of the supplemental Notice as provided for in the Order dated December 4, 2013, informed all Class Members of the material elements of the Settlement, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, constituted valid, due and sufficient notice and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3. Final Approval. The Court finds that the Settlement is fair, reasonable, and adequate, and accordingly, the Court approves the Settlement and directs that the Parties implement it, as follows:

    A. The parties are directed to implement the settlement in accordance with its terms.

    B. There being no Persons as of the date of this Order who have timely and effectively requested exclusion from the Settlement Class, pursuant to the Agreement and subject to the Court's retention of jurisdiction over certain matters as set forth in Paragraph 7 herein, the

Court hereby dismisses the Action with prejudice as to all claims contained therein, and all Released Claims against Released Parties, not including the claims of those persons who have excluded themselves from the Class.

C. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

D. Upon the Effective Date, the Class Representative and all Class Members, shall be deemed to have, and by operation of law shall have, fully, finally, and forever released and discharged all Released Claims against each and all of the Released Parties.

E. Nothing herein shall alter, amend, or terminate the right of Defendant to seek to collect any balance (including, but not limited to, principal, interest, attorneys' fees, and other costs and charges) allegedly owed by any Settlement Class Member, including the Class Representatives, for any debt. Nothing herein releases or discharges (1) any legally enforceable claim, which Defendant may have against any Class Member or any other person or entity, or (2) any legally enforceable lien which Defendant may have against any or all Class Members or any other person or entity. Nothing herein voids or abrogates the contractual obligations of any Settlement Class Member, including the Settlement Class Representative. The foregoing notwithstanding, nothing herein releases, discharges or abrogates any claims or defense that any Class Member has, or might have against the Defendants, except as provided herein.

4. <u>Release and Discharge</u>. The Court finds that all Class Members and their Related Parties shall, as of the date of the entry of Final Judgment, conclusively be deemed to have released and forever discharged the Defendants and its Related Parties from all Released Claims and from asserting, instituting or prosecuting in any capacity, before any court or governmental

agency, any action or proceedings against the Defendant or its related parties that assert any Released Claims, provided the Defendant fully complies with its obligations under this Order.

5. Defendant's Denial of Liability. The Court notes that Defendant denies any liability to Plaintiffs or to the Class for any matter whatsoever. Neither the Final Judgment nor Settlement Agreement shall constitute an admission of liability by the Settling Parties of any liability or wrongdoing. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendant considers it desirable that the Action be dismissed and that the claims against Defendant be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendant arising from the acts, transactions, or occurrences alleged in the Action.

6. Dismissal of Complaint. Subject to the reservation of jurisdiction for matters discussed in paragraph 7, the Complaint is hereby dismissed.

7. Jurisdiction. The Court finds that it has jurisdiction over the subject matter of the Action and the Settling Parties for the purposes of, among other things: (i) supervising the implementation, enforcement, construction and interpretation of the Settlement Agreement, the Conditional Approval Order, and the Final Judgment; (ii) supervising the administration and distribution of the relief to the Class Members and resolving any disputes that may arise with regard to any of the foregoing; (iii) determining plaintiff's attorneys' fees in accordance with the terms of the Settlement Agreement and (iv) enforcing the defendant's obligation to pay the attorney's fees and costs provided for in Paragraph 8.

8. Attorneys' Fees. The Court, having reviewed the parties' submissions, hereby awards attorney's fees to the plaintiff in the amount of $22,110.10 and costs of

$492.58_____. The Defendant is directed to pay such sum to the Plaintiffs' attorneys not more than fifteen days (15) from the entry of Judgment.

9. <u>Entry of Judgment</u>. In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds there is no just reason to delay entry of this Judgment and the Clerk of the Court is ordered to enter Final Judgment forthwith, subject to being re-opened in the event the Defendants fail to comply with their obligations under the Agreement.

So Ordered this 18 day of March, 2014.

/s/ (JMA)
Hon. Joan Azrack
United States Magistrate Judge